**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(CENTRAL DIVISION)**

| | |
|---|---|
| In re:<br><br>HEYWOOD HEALTHCARE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-40817<br><br>Hon. Elizabeth D. Katz<br>(Jointly Administered) |

**FINAL ORDER AUTHORIZING RETENTION AND APPOINTMENT OF**
**STRETTO, INC. AS CLAIMS AND NOTICING AGENT**

Upon the Motion[2] of the debtors in the above-captioned case (collectively, the "Debtors"), for an order: (A) appointing Stretto, Inc. ("Stretto"), a bankruptcy services firm with substantial expertise in the administration of Chapter 11 bankruptcy cases, to serve as the claims and noticing agent in these cases in support of and in coordination with the Office of the Clerk of this Court; and (B) authorizing the Debtors to retain and employ the Stretto as their administrative advisor during these cases on the terms and conditions of the Engagement Letter dated September 7, 2023, attached as Exhibit A to the Motion [Docket No. 9]; and upon the Sullivan Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter this order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtors' federal tax identification number, are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

1

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and upon due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. Notwithstanding the terms of the Engagement Agreement, the Motion is **GRANTED** on a final basis to the extent set forth herein (the "Final Order").

2. The Debtors are authorized to retain Stretto as Claims and Noticing Agent effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases (if any), and all Claims Agent Services.

3. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases (if any) and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Stretto is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5. Stretto is authorized to take such other action to comply with all duties set forth in the Motion.

4890-8252-2764.3

6. Upon the request of counsel to the Official Committee of Unsecured Creditors (the "Committee"), Stretto will provide noticing services for the Committee in the same manner and at the same cost that such services are provided to the Debtors.

7. Notwithstanding anything in the Motion, the Clerk of the United States Bankruptcy Court for the District of Massachusetts shall not be required to provide proofs of claim that are filed with the Clerk to Stretto via overnight delivery, but may provide them via first class mail.

8. The Clerk of the Court shall not be required to incur any cost or expense for the delivery of any claims to Stretto. Any such cost and expense shall be borne by Stretto, subject to its right to seek reimbursement from the Debtors pursuant to its terms of engagement.

9. The Debtors are authorized to compensate Stretto in accordance with the terms of the Engagement Agreement and the Preferred Rate Structure, attached hereto as Exhibit 1, upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

10. Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred. With respect to services provided prior to the effective date of a chapter 11 plan in these Chapter 11 Cases, Stretto shall serve monthly invoices on the Debtors, the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices.

4890-8252-2764.3

11. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

12. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtors' estates.

13. Stretto may apply its prepetition retainer in payment of any invoices for prepetition work related to 28 U.S.C. § 156 (c) services for the Debtors, with any remaining retainer balance to be held by Stretto for future application in payment of post-petition compensation allowed pursuant to a Court Order.

14. The Debtors shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.

15. Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

16. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Stretto's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Stretto's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for

which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

17. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Chapter 11 Cases, Stretto believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Stretto must file an application therefor in this Court, and the Debtors may not pay any such amounts to Stretto before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Stretto for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Stretto. All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.

18. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

19. Paragraph 6 of the Engagement Agreement regarding bank accounts is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

20. In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Debtors' counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

4890-8252-2764.3

21. If the Debtors determine that they require additional Administrative Advisor services from Stretto, they shall submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for the Administrative Advisor Services that are proposed to be performed by Stretto but are not specifically authorized by this Order.

22. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23. Notwithstanding any term in the Engagement Agreement to the contrary (including with regard to paragraph 15 of the Engagement Agreement), the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

24. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

26. Stretto shall not cease providing claims processing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

27. Stretto (i) may not accept any fees from third parties other than the Debtor for any claims information and (ii) shall abide by all statutes, rules and Codes of Conduct applicable to the Clerk of the Court and her employees regarding the performance of services on behalf of the Clerk.

4890-8252-2764.3

28. In the event of any inconsistency between the Engagement Agreement, the Motion and the Order, the Order shall govern.

29. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

30. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

31. **The Debtors are ORDERED to serve a copy of this Order on the United States Trustee, counsel to the Committee, secured creditors, and any party that has filed a notice of appearance and request for notice, and to file a certificate of service reflecting same by November 13, 2023.**

Dated: November 8, 2023

_____
HONORABLE ELIZABETH D. KATZ
UNITED STATES BANKRUPTCY JUDGE

4890-8252-2764.3