UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.*[1] | ) | Case No. 23-40817-EDK |
| | ) | |
| | ) | Honorable Elizabeth D. Katz |
| Debtors-in-Possession. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
ASSUMPTION OF THE EXECUTORY CONTRACT OF OREN SCHAEFER, M.D.;
AND (II) GRANTING RELATED RELIEF**

Debtors Heywood Healthcare, Inc. ("Heywood Healthcare"), The Henry Heywood Memorial Hospital ("Heywood Hospital"), Athol Memorial Hospital ("Athol Hospital"), Heywood Medical Group, Inc. ("Heywood Medical Group"), Athol Memorial Hospital NMTC Holdings, Inc. ("Athol NMTC"), Quabbin Healthcare, Inc. ("Quabbin"), and Heywood Realty Corporation ("Heywood Realty" and collectively with Heywood Healthcare, Heywood Hospital, Athol Hospital, Heywood Medical Group, Athol NMTC, and Quabbin, the "Debtors"), respectfully request that the Court grant their motion to assume Medical Director Agreement (the "Agreement") between Debtor Athol Hospital and Oren Schaefer, M.D. ("Schaefer"), and state as follows in support of this motion:

**JURISDICTION**

1.      The United States Bankruptcy Court for the District of Massachusetts (the "Court")

---

[1]    The Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

.

has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this motion.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the District of Massachusetts (the "MLBR").

## BACKGROUND

4.      On October 1, 2023, (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors and their businesses, including facts and circumstances giving rise to these Chapter 11 Cases is set forth in the Declaration of Thomas Sullivan in Support of First-Day Motions (the "Sullivan Declaration") [Dkt. No. 13], and incorporated by reference herein.

5.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

6.      On October 20, 2023, the United States Trustee has appointed an Official Committee of Unsecured Creditors.

## CONTRACT TO BE ASSUMED

7.      On or about March 8, 2023, Athol Hospital entered into the Agreement with Schaefer, a Pulmonologist licensed by the Commonwealth of Massachusetts, pursuant to which Schaefer agreed to provide medical director services for the Pulmonary Function Laboratory (the

2

4889-2549-1863

"Lab") on a part-time basis.

8.    The Agreement commenced on March 8, 2023 and had an initial term of one (1) year, and will expire on March 7, 2024. However, it will automatically renew for successive one (1) year terms unless one of the parties seeks to terminate it.

9.    The Agreement provides that Schaefer is compensated Six Thousand Dollars ($6,000) per year for his services. Schaefer is also permitted to bill Athol Hospital's patients for all medical services he renders.

10.    Athol Hospital, a critical access hospital[2], owns and operates the Lab, which conducts Pulmonary Function Tests ("PFTs"). PFTs are conducted by Respiratory Therapists employed by Athol Hospital. However, Athol does not employ any Pulmonologists who can read the results of the PFTs.  However, by contracting with Schaefer to read the results of the PFTs for Athol Hospital's patients, the Debtors are able to offer these tests to their patients at a convenient local location. This is particularly important given the rural nature of the area, and the transportation issues faced by many of the Debtors' patients.

11.    Athol Hospital is the only hospital in the area that performs PFTs. Heywood Hospital does not perform these tests. Without Schaefer's services, Athol Hospital would not be able to conduct PFTs.

12.    As of the Petition Date, Schaefer was owed $3,125.00 for prepetition services through September 30, 2023.  The Debtors seek authority to make this payment to Schaefer upon the entry of an order approving this Motion, and have accounted for the amount of the Schaefer cure payment in their current budget.

---

[2] Critical Access Hospitals are designated by the Centers for Medicare and Medicaid Services ("CMS") and receive certain additional payments from CMS based on their importance to rural communities and the traditional financial difficulties that such hospitals face.

4889-2549-1863

**RELIEF REQUESTED**

13.     The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), authorizing the Debtors to assume the Agreement, and granting related relief.

**BASIS FOR RELIEF**

**I.     Assumption of the Agreement Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

14.     Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984) ("This language by its terms includes all executory contracts except those expressly exempted."). Courts use a deferential business judgment standard to evaluate a debtor's decision to assume an executory contract. *In re Financial Oversight and Management Board for Puerto Rico*, 618 B.R. 349, 359 (Bankr. D. P.R. 2020); *see also See In re Riodizio, Inc.*, 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"). Under the business judgment standard, a debtor's business decision should be approved unless that decision "derives from bad faith, whim or caprice." *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) (*quoting In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D. N.J. 2002) (internal quotations omitted)). Furthermore, proceedings to determine the appropriateness of the debtor's proposed assumption are designed to be "summary" and are not "the time or the place for prolonged discovery or a lengthy trial with disputed issues." *Puerto Rico*, 618 B.R. at 361.

15.     In the lead up to these Chapter 11 Cases, the Debtors, with the assistance of their advisors, undertook a comprehensive review of their executory contracts to determine which

4889-2549-1863

contracts should be assumed to ensure that there is no disruption to their delivery of medical care in light of the circumstances of these Chapter 11 Cases.

16.     The Debtors are fortunate to have highly-skilled Physicians who are committed to the Debtors' mission and the community.  However, if the Debtors are not permitted to assume the Agreement, the Debtors are very concerned that Schaefer will no longer provide services to Athol Hospital, and that the Debtors will not be able to offer PFTs to their patients because they will not have any Pulmonologists to read them.

17.     The co-CEO of the Debtors' (Rozanna Penney), who prior to assuming her co-CEO role, was the director of the Heywood Medical Group, has stated these PFTs are an important service for the Debtors to provide to their patients.  *See Declaration of Rozanna Penney in Support of Motion for Entry of an Order (I) Authorizing the Assumption of the Executory Contract of Oren Schaefer, M.D.; and (II) Granting Related Relief,* filed contemporaneously herewith.

18.     In the Debtors' business judgment, prompt assumption of the Agreement is necessary to the Debtors' estates to ensure that the community can access necessary health care services and to preserve the going concern value of the estates.  Schaefer is a critical part of the Athol Hospital's operations, managing the Lab and reading the PFTs.   Failure to assume the Agreement would lead to a loss of these services, which could harm the Debtors' ability to reorganize, and compromise medical care to a rural community.

19.     Based on the Debtors' experience in attempting to recruit new physicians, including the payment of potential bonuses that would need to be offered to obtain new physicians, and the lead time which would be needed to credential any new physicians (during which period the Debtors would not be paid for these services), and the revenue derived from the PFTs, the cure costs of assuming the Agreement and ensuring the continued provision of these services are

5

minimal and should be approved.

20.     Assumption of the Agreement is an important step to protecting the Debtors' estates and their operations to ensure a chapter 11 reorganization is possible.  The Agreement is essential to the ongoing operations of the Debtors' businesses and provides the Debtors with vital personnel to carry out its operations.  Assumption will allow the Debtors to maintain their current operations for the benefit of the community, and preserve value in order facilitate a restructuring transaction. The Debtors submit that their decision to assume the Agreement at this juncture satisfies the business judgment standard, and that they should be authorized to assume it.

## NOTICE

21.     The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the District of Massachusetts; (b) counsel for the Official Committee of Unsecured Creditors; (c) all parties which, to the best of the Debtors' knowledge, information and belief, have asserted or may assert a lien in the Debtors' assets, through counsel if known; (d) Schaefer; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 and MLBR 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 26, 2023          /s/ Edward J. Green

John M. Flick (#652169)
**FLICK LAW GROUP, P.C.**
144 Central Street, Unit 201
Gardner, MA 01440
Tel: (978) 632-7948
jflick@flicklawgroup.com

6

4889-2549-1863

Edward J. Green (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com

Alissa M. Nann (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
anann@foley.com

Tamar N. Dolcourt (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100
Fax: (313) 234-2800
tdolcourt@foley.com

***Counsel for the Debtors and Debtors in Possession***

7

4889-2549-1863

## CERTIFICATE OF SERVICE

I, Edward J. Green, do hereby certify that on December 26, 2023, I caused a copy of the foregoing document to be served through the ECF system, and that copies will be sent electronically to registered participants.  The Debtors' claims and noticing agent, Stretto, Inc., will further serve this document in accordance with the Federal Rules of Bankruptcy Procedure, the Massachusetts Local Rules of Bankruptcy Procedure, and any applicable orders of the Court, and will file an additional certificate of service upon completion.

Dated: December 26, 2023                    /s/ *Edward J. Green*

4889-2549-1863