**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.*[1] | ) | Case No. 23-40817 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors-in-Possession. | ) | |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING REJECTION OF THE UMS**
**AGREEMENTS, EFFECTIVE AS OF JANUARY 1, 2024**

Debtors Heywood Healthcare, Inc. ("Heywood Healthcare"), The Henry Heywood Memorial Hospital ("Heywood Hospital"), Athol Memorial Hospital ("Athol Hospital"), Heywood Medical Group, Inc. ("Heywood Medical Group"), Athol Memorial Hospital NMTC Holdings, Inc. ("Athol NMTC"), Quabbin Healthcare, Inc. ("Quabbin"), and Heywood Realty Corporation ("Heywood Realty" and collectively with Heywood Healthcare, Heywood Hospital, Athol Hospital, Heywood Medical Group, and Athol NMTC, the "Debtors"), hereby move (the "Motion") pursuant to sections 365(a) and 105(a) of the Bankruptcy Code, Fed. R. Bankr. P. 6006, and MLBR 9013-1 for this Court's entry of an order authorizing the rejection, effective as of January 1, 2024, of certain agreements with UMS Lithotripsy Services of Worcester County, LLC ("UMS Lithotripsy") and UMS MR Fusion Services of New England ("UMS Fusion" and collectively "UMS") as more particularly described below, and states as grounds therefor as follows:

---

[1] The Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

1

4882-0860-0473.4

## JURISDICTION

1.     The United States Bankruptcy Court for the District of Massachusetts (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code.

## BACKGROUND

4.     On October 1, 2023 (the "Petition Date"), the Debtors commenced with this Court these Chapter 11 Cases under the Bankruptcy Code in an effort to preserve and maximize the value of their chapter 11 estates.

5.     The Debtors are operating their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. To date, no trustee or examiner has been appointed.

6.     On October 20, 2023, the United States Trustee appointed the Official Committee of Unsecured Creditors.

7.     More information about the Debtors and the events leading up to these Chapter 11 filings can be found in the *Declaration of Thomas J. Sullivan, Co-Chief Executive Officer of the Debtors, in Support of First Day Motions* [Docket No. 13] (the "Sullivan Declaration").

## THE AGREEMENTS

8.     On or about August 4, 2021, Debtor Heywood Hospital ("Heywood") and UMS Fusion entered into a certain MR Fusion Equipment Lease and Support Agreement (the "Fusion

4882-0860-0473.4

Agreement")[2] wherein UMS Fusion leased to Heywood a mobile fusion biopsy system. UMS Fusion charges a $5,038 fee per full-day equipment lease and support visit for up to eight hours.

9.      The Fusion Agreement commenced on August 4, 2021, for a term of three years and automatically renews for successive terms unless either party terminates.

10.      Additionally, on April 15, 2021, UMS Lithotripsy and Heywood entered into the Lithotripsy Services Agreement (the "Lithotripsy Agreement" and together with the Fusion Agreement, the "Agreements"), wherein UMS Lithotripsy agreed to provide a mobile lithotripsy system to enable qualified physicians to provide mobile extracorporeal shock wave lithotripsy at Heywood.   UMS Lithotripsy charges a "per procedure fee" of $960.00.

11.      The Lithotripsy Agreement commenced on April 21, 2021, for a term of three years and automatically renews for successive terms unless either party terminates.

12.      The Debtors wish to terminate the Agreements with UMS, effective as of January 1, 2024, because the Debtors have secured less expensive services. To the extent not already paid, the Debtors will pay any undisputed amounts owed under the Agreements for the postpetition period pursuant to the requirements of the Bankruptcy Code.

## RELIEF REQUESTED

13.      By this Motion, Debtors seek entry of an order authorizing the rejection of the Agreement pursuant to sections 365(a) and 105(a) of the Bankruptcy Code, effective as of January 1, 2024.

14.      Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor, subject to bankruptcy court approval, may assume or reject any executory contract or unexpired lease to which the debtor is a party. 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Agreement.

4882-0860-0473.4

U.S. 513, 521 (1984).  The Debtors have secured less expensive services with another provider and have no future need of the services provided under the Agreements.  Accordingly, the Debtors proposed rejection of the Agreements is a reasonable and prudent exercise of the Debtors' business judgment, and is entitled to this Court's approval.  *See In re BankVest Capital Corp.*, 290 B.R. 443, 447 (1st Cir. B.A.P. 2003) (court's focus in determining a debtor's motion to assume or reject a lease or executory contract is whether the assumption or rejection is based upon the debtor's business judgment ); *see also Bildisco & Bildisco*, 465 U.S. at 523 (recognizing courts' use of the business judgment standard in evaluating whether rejection of executory contracts or leases is appropriate); *In re Financial Oversight and Management Board for Puerto Rico*, 618 B.R. 349, 359 (Bankr. D. P.R. 2020); *see also See In re Riodizio, Inc.*, 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management").

15.     As explained above, the Debtors have secured less expensive services and have no future need for the Services provided under the Agreement. Accordingly, rejection of Agreements, effective as of January 1, 2024, is a reasonable and prudent exercise of the Debtors' business judgment and it is within this Court's equitable powers to grant such relief.

### NOTICE

16.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Massachusetts, (b) counsel for the Official Committee of Unsecured Creditors; (c) UMS or its counsel if known; (d) Office of the General Counsel for the Executive Office of Health and Human Services for the Commonwealth of Massachusetts; (e) all parties which, to the best of the Debtors' knowledge, information and belief, have asserted or may assert a lien in the Debtors' assets, through counsel if known; and (f) all other parties requesting service of notices or pleadings pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The

4882-0860-0473.4

Debtors submit that, given the nature of the relief requested herein, no other or further notice is necessary.

17.     Pursuant to Bankruptcy Rule 9006 and MLBR 9013-1, the Debtors submit that the notice period for this Motion is 14 days from the date of service. The Debtors respectfully request that the Court set this Motion for hearing on January 25, 2024, when a number of other matters are currently scheduled.

## RESERVATION OF RIGHTS

18.     Nothing contained in this Motion or the relief requested herein shall constitute or is intended to constitute: (a) an admission as to the amount of, basis for, or validity of any claim relating to the Agreements against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; or (b) a waiver of any claims that the Debtors or any other party may have against any counterparty to the Agreements referenced herein, whether or not such claims arise under, are related to the rejection of, or are independent of the Agreements referenced herein.

## NO PRIOR REQUEST

19.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, for the reasons set forth above, the Debtors respectfully request this Court grant this motion authorizing the rejection of the Agreements pursuant to sections 365(a) and 105(a) of the Bankruptcy Code, effective as of January 1, 2024.

4882-0860-0473.4

Dated: December 28, 2023

/s/  Edward J. Green

John M. Flick (#652169)
**FLICK LAW GROUP, P.C.**
144 Central Street, Unit 201
Gardner, MA 01440
Tel: (978) 632-948
jflick@flicklawgroup.com

Edward J. Green (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com

Tamar N. Dolcourt (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100
Fax: (313) 234-2800
tdolcourt@foley.com

Alissa M. Nann (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
anann@foley.com

*Counsel to the Debtors and Debtors in Possession*

4882-0860-0473.4

**<u>CERTIFICATE OF SERVICE</u>**

I, Edward J. Green, do hereby certify that on December 28, 2023, I caused a copy of the foregoing document to be served through the ECF system, and that copies will be sent electronically to registered participants.  The Debtors' claims and noticing agent, Stretto, Inc., will further serve this document in accordance with the Federal Rules of Bankruptcy Procedure, the Massachusetts Local Rules of Bankruptcy Procedure, and any applicable orders of the Court, and will file an additional certificate of service upon completion.

Dated: December 28, 2023                    /s/ *Edward J. Green*