UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HEYWOOD HEALTHCARE, INC., | ) Case No. 23-40817 (EDK) |
| *et al.*[1] | ) |
| | ) (Jointly Administered) |
| Debtors-in-Possession. | ) |
| | ) |

**ORDER ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM AND
APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the *Debtors' Assented to Motion for Order Establishing Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notice* (the "Motion")[2] filed by Debtors Heywood Healthcare, Inc. ("Heywood Healthcare"), The Henry Heywood Memorial Hospital ("Heywood Hospital"), Athol Memorial Hospital ("Athol Hospital"), Heywood Medical Group, Inc. ("Heywood Medical Group"), Athol Memorial Hospital NMTC Holdings, Inc. ("Athol NMTC"), Quabbin Healthcare, Inc. ("Quabbin"), and Heywood Realty Corporation ("Heywood Realty" and collectively with Heywood Healthcare, Heywood Hospital, Athol Hospital, Heywood Medical Group, Athol NMTC, and Quabbin, the "Debtors") wherein the Debtors request that this Court establish deadlines for the filing of proofs of claim against the Debtors; appropriate notice of the Motion having been given in the particular circumstances and good and sufficient grounds appearing therefor; this Court having determined that the proposed deadlines for filing proofs of claim, and the proposed notice thereof as provided for in the Motion, are sufficient to meet the

---

[1] The Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

4895-1924-7002.3

requirements of applicable statutes and rules, and for due process of law under the Constitution of the United States; it is hereby

**ORDERED** that:

1.　The Motion is granted to the extent set forth herein.

2.　**March 12, 2024** (the "Bar Date") is established as the deadline for the filing of Proofs of Claim against the Debtors, including 503(b)(9) Claims, except that the deadline for filing a Proof of Claim of the type described in Sections 502(g), (h), or (i) of the Bankruptcy Code shall be the later of (i) the Bar Date or (ii) 30 days after occurrence of the event giving rise to such claim.

3.　**March 29, 2024** (the "Governmental Bar Date") is established as the deadline for all governmental units to file a Proof of Claim against the Debtors, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, other than a claim that is exempt from filing a Proof of Claim pursuant to this Order.

4.　All entities asserting a 503(b)(9) Claim shall not and need not file motions to compel allowance or payment of administrative expense claims for its 503(b)(9) Claim or schedule a hearing to consider such claim, absent leave of the Court. The procedures set forth herein shall be the sole and exclusive method for creditors to assert and obtain allowance of 503(b)(9) Claims.

5.　A party need not file a proof of claim if the Bankruptcy Court has entered or enters an order, including without limitation, any interim or final cash collateral order, that provides that such party is not required to file a proof of claim.

6.　The Debtors shall give notice of the Bar Date (and of the deadline for filing claims described in Sections 502(g), (h) and (i) of the Bankruptcy Code) by (i) transmitting to the Debtors' known creditors and potential claimants, by email or by United States mail with postage prepaid,

4895-1924-7002.3

within three (3) business days after entry of this Order, a copy of a notice substantially in the form attached as **Exhibit A** (the "Bar Date Notice"), which form of Notice is hereby approved, together with a Proof of Claim form in the form of Official Form No. 410, and (ii) publication of the Bar Date Notice in the Newspapers within 14 business days of entry of this Motion. Such Bar Date Notice shall be adequate notice of this order and of the Bar Date (and such other deadlines) in the particular circumstances and shall be sufficient to meet the requirements for due process of law under the Constitution of the United States.

7.  For any Proof of Claim to be timely and properly filed against the Debtors, a duly executed Proof of Claim, together with accompanying documentation, must be filed with this Court or received by Stretto, Inc., the Debtors claims and noticing agent appointed in this case ("Stretto"), by no later than the Bar Date or any applicable later deadline. Each Proof of Claim shall be in a form substantially conforming to Official Form 410 (i.e., the Proof of Claim form to accompany the Bar Date Notice).

8.  Except to the extent that a claim is either (a) listed in the Schedules of Liabilities filed by the Debtors pursuant to Fed. R. Bankr. P. 1007 and not listed therein as an unliquidated, disputed or contingent liability, or (b) evidenced by a Proof of Claim, in a form substantially conforming to Official Form 410, filed with this Court on or before the Bar Date (or, if applicable, any later deadline for a claim of the type described in Sections 502(g), (h) and (i) of the Bankruptcy Code), then such claim shall be forever barred from being asserted against the Debtors.

9.  If, after providing the Bar Date Notice, the Debtors become aware of any additional entity entitled to, or that the Debtors determine should receive a copy of, the Bar Date Notice, the Debtors request authority to issue a supplemental Bar Date Notice (the "Supplemental Bar Date Notice"). The Supplemental Bar Date Notice will be equivalent in substance and form to the Bar

4895-1924-7002.3

Date Notice except that it will specify a "Bar Date" not less than 30 days after the date of service of such Supplemental Bar Date Notice upon the affected entity. The Debtors submit that granting this relief will result in a more efficient administration of the estate as it will obviate the need to file a separate motion every time the situation arises.

DATED:    1/11/2024

                                            HON. ELIZABETH D. KATZ
                                            UNITED STATES BANKRUPTCY JUDGE

4895-1924-7002.3

## EXHIBIT A

**Proposed Notice**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., | ) | Case No. 23-40817 (EDK) |
| *et al.*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors-in-Possession. | ) | |
| | ) | |

**NOTICE OF DEADLINE TO FILE PROOFS OF CLAIM AGAINST THE DEBTORS**

PLEASE TAKE NOTICE that the Court has set a bar date (a deadline for filing proofs of claim) of **March 12, 2024** (the "Bar Date") and **March 29, 2024** for governmental units (the "Governmental Bar Date") in the Chapter 11 cases of Heywood Healthcare, Inc. ("Heywood Healthcare"), The Henry Heywood Memorial Hospital ("Heywood Hospital"), Athol Memorial Hospital ("Athol Hospital"), Heywood Medical Group, Inc. ("Heywood Medical Group"), Athol Memorial Hospital NMTC Holdings, Inc. ("Athol NMTC"), Quabbin Healthcare, Inc. ("Quabbin"), and Heywood Realty Corporation ("Heywood Realty" and collectively with Heywood Healthcare, Heywood Hospital, Athol Hospital, Heywood Medical Group, Athol NMTC, and Quabbin, the "Debtors").

**IF YOU ARE REQUIRED TO FILE A PROOF OF CLAIM BUT DO NOT DO SO IN THE MANNER AND TIME DESCRIBED BELOW, YOUR CLAIM SHALL BE FOREVER BARRED, YOU SHALL NOT BE ENTITLED TO ANY PAYMENT ON THAT CLAIM, AND YOU MAY RECEIVE NO FURTHER NOTICES REGARDING YOUR CLAIM.**

1.    **Filing Required**. You must file a proof of claim ("Proof of Claim") not later than the Bar Date for each prepetition claim (one which arose before October 1, 2023) that you hold against the Debtors, unless:

(a) Your claim is listed in the Schedules of Liabilities (as amended, the "Schedules") filed with the Bankruptcy Court by the Debtors, and is not listed therein as an unliquidated, contingent or disputed liability, and you agree that the amount of such claim is correctly stated and do not otherwise contest the accuracy of such claim as listed.

(b) You have a claim of the type described in Sections 502(g), (h), or (i) of the Bankruptcy Code, in which case the deadline for filing your proof of such claim is the later of (i) the Bar Date or (ii) 30 days after occurrence of the event giving rise to such claim.

---

[1]   The Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

(c) You have already filed a Proof of Claim with the Bankruptcy Court or with Stretto, Inc., the claims and noticing agent appointed in the Debtors case, asserting a claim against the Debtors.

(d) The Bankruptcy Court has entered or enters an order, including without limitation, any interim or final cash collateral order, that provides that such party is not required to file a proof of claim.

2. **Definition of "Claim"**. As used herein, and as defined in Section 101(5) of the Bankruptcy Code, a "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, unmatured, disputed, undisputed, secured, or unsecured.

3. **Filing Procedures**. To be timely filed, a Proof of Claim must be substantially in the form of Official Form No. 410, a copy of which accompanies this Notice, must be duly-executed by the creditor or its authorized representative, must incorporate appropriate documentation of the asserted claim, and must be filed with the Bankruptcy Court or received by Stretto, Inc. not later than the Bar Date (or, if applicable, the deadline set forth in paragraph 1(b) above) either through the Court's electronic court filing (ECF) system [internet link at http://www.mab.uscourts.gov/mab/] or with Stretto, Inc. either electronically [internet link at https://cases.stretto.com/heywood/file-a-claim/] or by mail (or by delivery service) to the following address:

> Heywood Healthcare, Inc. Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

4. **503(b)(9) Claim Filing Procedures**. In addition to the Filing Procedures described above, the following procedures apply with respect to 503(b)(9) Claims:

(a) Each Proof of Claim asserting a 503(b)(9) Claim must set forth with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) the date of delivery of the goods the creditor contends the Debtor received within twenty days before the Petition Date; and (iv) the value of the goods.

(b) Each Proof of Claim asserting a 503(b)(9) Claim must include or attach documentation identifying (i) the particular invoices for which any 503(b)(9) Claim is being asserted, and (ii) any demand to reclaim goods sold to the Debtors under section 546(c) of the Bankruptcy Code.

2

4895-1924-7002.3

(c) Each Proof of claim asserting a 503(b)(9) Claim must include a certification that the goods with respect to the 503(b)(9) Claim were sold to the applicable Debtors in the ordinary course of the Debtor's business.

(d) No Proof of Claim asserting a 503(b)(9) Claim may aggregate 503(b)(9) Claims against multiple Debtors in a single Proof of Claim.

5.  **Access to Schedules for Non-Customer Creditors**. Copies of the Schedules may be examined by interested parties during regular business hours, Monday through Friday, at the Office of the Clerk, United States Bankruptcy Court, Donohue Federal Building, 595 Main Street, Room 311, Worcester, MA 01608-2076, or, accessed electronically through the Court's ECF or PACER systems or through the copy of the schedules available at Stretto's website maintained for the Debtor's case [internet link at https://cases.stretto.com/heywood].

Dated: January 10, 2024

/s/ Edward J. Green

Edward J. Green (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com

John M. Flick (#652169)
**FLICK LAW GROUP, P.C.**
144 Central Street, Unit 201
Gardner, MA 01440
Tel: (978) 632-7948
jflick@flicklawgroup.com

Alissa M. Nann (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
anann@foley.com

Tamar N. Dolcourt (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100
Fax: (313) 234-2800
tdolcourt@foley.com

3

4895-1924-7002.3

*Counsel for the Debtors and Debtors in Possession*

4

**(Proof of Claim Form)**

[Official Form No. 410 – to be provided to re

5