**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.*[1] | ) | Case No. 23-40817 |
| | ) | |
| | ) | Honorable Elizabeth D. Katz |
| Debtors-in-Possession. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING
THE DEBTORS TO (A) MAINTAIN THEIR CASH MANAGEMENT
SYSTEM AND EXISTING BANK ACCOUNTS, (B) HONOR CERTAIN
PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING
BUSINESS FORMS, (D) PERFORM INTERCOMPANY TRANSACTIONS,
AND (II) GRANTING RELATED RELIEF**

This matter having come before the Court upon consideration of the *Debtors' Motion for Order (I) Authorizing the Debtors to (A) Maintain Their Cash Management System and Existing Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 5]; and after due deliberation and sufficient cause appearing therefor,

**THE COURT FINDS AND CONCLUDES THAT:**

1.      This Court has jurisdiction over these cases under 28 U.S.C. § 1334(b).

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Due and adequate notice has been given to all parties entitled thereto, and no other or further notice is necessary or required.

---

[1] The Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number, are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

4874-6454-6467.4

4.      This Court having reviewed the Motion, and having heard the statements in support of the relief requested therein at the interim hearing held on October 3, 2023, at the second interim hearing held on November 2, 2023, at the third interim hearing held on December 7, 2023, at the fourth interim hearing held on January 25, 2024, and at the evidentiary hearing held on February 7, 2024, before this Court (the "Hearings") and having considered the representations therein and of counsel regarding the relief requested therein, has determined that the relief requested in the Motion is necessary and in the best interests of the Debtors and their estates.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

5.      The Motion is granted on a further interim basis to the extent set forth herein.

6.      The Debtors are authorized, but not directed, to: (a) continue using the Cash Management System as described in the Motion and honor any prepetition obligations related to the use thereof; (b) designate, maintain, close, and continue to use on an interim basis any or all of their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on **Annex 1** attached hereto, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, electronic fund transfers, ACH transfers, and other debits or electronic means; (d) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; and (e) open new debtor-in-possession Bank Accounts..

7.      All Cash Management Banks at which the Bank Accounts are maintained are directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course and to receive, process, honor, and pay any and all checks, drafts, electronic fund transfers, and ACH transfers issued, as directed by the Debtors whether before or after the Petition Date, and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

4874-6454-6467.4

8.      The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, and maintain and continue using, in their present form, the Books and Records.

9.      The Debtors are authorized to pay to the Cash Management Banks, through the right of setoff or otherwise, the customary fees and charges imposed by the Cash Management Banks for maintaining the Bank Accounts.

10.     All postpetition Intercompany Transactions authorized hereunder that result in claims against a Debtor are hereby accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code, provided that such superpriority administrative expense status claim shall be junior to (A) any superpriority administrative expense status claim granted as part of the adequate protection given to any prepetition secured parties and (B) fees approved under sections 330 and 331 of the Bankruptcy Code to any professional whose retention is approved under sections 327, 328, or 1103 of the Bankruptcy Code, and (C) fees payable to the United States Trustee pursuant to 28 U.S.C. section 1930(a)(6).

11.     The Debtors shall cause a copy of this Order to be served upon each Cash Management Bank within five (5) business days of the date hereof.

12.     The Debtors are authorized to open new bank accounts so long as (a) any such new account is with one of the Debtors' existing Cash Management Banks or with a bank that is insured with the National Credit Union Share Insurance Fund (NCUA) and designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees; provided that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Interim Order, be

4874-6454-6467.4

deemed a Bank Account as if it had been listed on **Annex 1** attached to this Order. The Debtors will give written notice to the U.S. Trustee for any new accounts they open pursuant to this Order within five (5) days.

13.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors (other than as provided for herein), a waiver of the Debtors' rights to subsequently dispute such claim or lien (other than such claim or lien provided for herein), or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

14.     Section 345 of the Bankruptcy Code and any provision for the U.S. Trustee Guidelines requiring that the Bank Accounts be in U.S. Trustee authorized depositories is waived with respect to the Bank Account located at U.S. Bank (the "U.S. Bank Account"); *provided*, that the Debtors shall sweep all cleared amounts in excess of $15,000 from its U.S. Bank Account to a Bank Account located at TD Bank on a daily basis pursuant to an automated sweep and  shall review the U.S. Bank Account daily at approximately 12:00 noon ET to ensure that all amounts held in the U.S. Bank Account in excess of $250,000 are swept to a Debtor-in-Possession Bank Account located at TD Bank as soon as possible.

Based on the sworn declarations of John Bujak (formerly, the Debtors' senior director of finance and currently the chief financial officer), *see* Docket numbers. 486 and 523, and the testimony at the hearing held on February 7, 2024, this Court determines that, under the totality of circumstances of this case, "cause" exists for waiving the requirements of § 345(b) with regard to the U.S. Bank Account.  *See In re Service Merchandise Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (in determining "cause" for relief from the requirements of 11 U.S.C. § 345(b), court

4

4874-6454-6467.4

would engage in a totality of the circumstances inquiry); *see also, e.g.*, *In re King Mountain Tobacco Co., Inc.*, 623 B.R. 323, 331-32 (Bankr. E.D. Wash. 2020) (same); *In re Ditech Holding Corp.*, 605 B.R. 10, 17-18 (Bankr. S.D.N.Y. 2019) (same).

The Debtors comprise a large and sophisticated healthcare network with complex cash management systems. They utilize multiple banks and accounts to handle millions of dollars flowing through their operations on a daily basis. Each of the Debtors' accounts, with the exception of the U. S. Bank Account, is with an institution approved by the United States Trustee. The U.S. Bank Account is used to receive payments from payors for services rendered by the Debtors' employed physicians and medical group, which payments are processed through an AthenaHealth ("Athena") billing support platform. The specialized platform supported by Athena is offered only by U.S. Bank. Accordingly, it is not feasible to simply move the U.S. Bank Account to another institution.

The Debtors assert, and the United States Trustee has not argued otherwise, that U.S. Bank is a highly regarded and well-capitalized bank that is an authorized depository in nearly all the other United States Trustee regions. U.S. Bank has informed the Debtors that, given that U.S. Bank provides limited depository services in the region, U.S. Bank would not execute a Uniform Depository Agreement with the United States Trustee for Region 1.

The funds deposited in the Debtors' U.S. Bank Account are wired into the Debtor's approved TD Bank Accounts and the U.S. Bank Account is monitored daily to ensure that the Account balance does not exceed the $250,000 FDIC insured limit. The daily cleared balance in the Account is typically below the FDIC insured limit; Bujak estimates that the daily average deposit amount is between $75,000 and $150,000. The Debtors, in conjunction with U.S. Bank, have implemented an automatic, daily instruction to sweep all cash in the U.S. Bank Account

4874-6454-6467.4

(except for a $15,000 balance) to the Debtors' approved accounts, such that the funds in the U.S. Bank Account are held in the account for no more than one day. The U.S. Bank Account balance is also reviewed daily around noon, and if the balance in the account at that time on any particular day exceeds the FDIC insured limit of $250,000, the Debtors will immediately transfer the funds to the Debtors' approved TD Bank Accounts.

In light of the specialized Athena platform available only in connection with U.S. Bank, the Debtors cannot simply move the U.S. Bank Account to a new United States Trustee-approved institution, and the implementation of new accounts to process the payor payments would result in substantial disruption and costs to the Debtor.  If the U.S. Bank Account were no longer available to the Debtors, the Debtors would be required to establish separate deposit accounts, each with differing administrative conditions and requirements, with the approximately 50 in-state and out-of-state organizations from whom they receive the payments, a process that would be extraordinarily expensive and would take months to complete, resulting in a delay of payments to the Debtors until new operating accounts were established.  In the interim, approximately 10-12% of the Debtors' weekly cash flow would be jeopardized, requiring the Debtors to potentially choose between paying payroll or purchasing needed medical supplies.  The delay and potential lost revenue would have a serious deleterious impact on the Debtors' cash flow and would delay the Debtors' restructuring efforts.

In determining whether cause for waiver of the § 345(b) requirements has been established "the court must undertake a holistic, context-driven analysis of a particular case's facts and circumstances." *King Mountain*, 623 B.R. at 331. In addition to unique factors that may be present in a particular case, courts have considered the following in determining whether cause for waiver exists: "1. The sophistication of the debtor's business; 2. The size of the debtor's business

6

operations; 3. The amount of investments involved; 4. The bank ratings . . . of the financial institutions where debtor-in-possession funds are held; 5. The complexity of the case; 6. The safeguards in place within the debtor's own business of insuring the safety of the funds; 7. The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions; 8. The benefit to the debtor; 9. The harm, if any, to the estate; and 10. The reasonableness of the debtor's request for relief from § 345(b) requirements in light of the overall circumstances of the case." *Service Merchandise*, 240 B.R. at 896.

Here, (1) the Debtors' business is large and sophisticated, (2) the amounts held in the U.S. Bank Account will be monitored to ensure that the cleared balance does not exceed the FDIC insured limit, (3) the funds deposited into the U.S. Bank Account (with the exception of $15,000) will be automatically transferred daily to the Debtors' accounts with an approved depository institution, (4) the bank at which the U.S. Bank Account is held is a highly-regarded and well-capitalized bank, (5) the Debtors greatly benefit from the specialized Athena payment platform available only through U.S. Bank, and (6) the cost and delay of closing the U.S. Bank Account would have profound adverse effects on the Debtors' cash flow and restructuring efforts. Accordingly, under the totality of the circumstances of this case, the Court finds that the Debtors have established "cause" for waiver of the requirements of § 345(b).

15. Nothing contained herein shall prevent the Debtors from closing any Bank Accounts as they may deem necessary and appropriate, to the extent consistent with any orders of this Court relating thereto, and any relevant bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall give written notice of the closure of any account to the U.S. Trustee.

4874-6454-6467.4

16.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

17.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18.    Notice of the Motion as provided therein will be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the District of Massachusetts are satisfied by such notice.

19.    This order is without prejudice to the U.S. Trustee's renewal of its objection should the Debtors fail to ensure that the balance held in the U.S. Bank Account does not exceed $250,000 as provided herein.

20.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.


DATED:        February 9, 2024

_____
HONORABLE ELIZABETH D. KATZ
UNITED STATES BANKRUPTCY JUDGE


8

4874-6454-6467.4

**Annex 1**

| | Name of Account | The last four digits of account number | Bank | Account Owner |
|---|---|---|---|---|
| 1 | AMH Operating Acct | 6541 | TD Bank | Athol Memorial Hospital |
| 2 | AMH Payroll Acct | 6533 | TD Bank | Athol Memorial Hospital |
| 3 | AMH Tem Restricted | 6872 | TD Bank | Athol Memorial Hospital |
| 4 | Athol Memorial Hosp Bond Disb | 6228 | TD Bank | Athol Memorial Hospital |
| 5 | Athol NMTC Hldngs Oper Acct | 6484 | TD Bank | Athol Memorial Hospital NTMC Holdings, Inc. |
| 6 | Heywood Operating | 9597 | TD Bank | Heywood Memorial Hospital, Inc. |
| 7 | Hosp Payroll | 4390 | TD Bank | Heywood Memorial Hospital, Inc. |
| 8 | Campaign | 5148 | TD Bank | Heywood Memorial Hospital, Inc. |
| 9 | Section 125 | 8844 | TD Bank | Heywood Memorial Hospital, Inc. |
| 10 | HMG Operating | 9534 | TD Bank | Heywood Affiliated Medical Group, Inc. |
| 11 | HMG Payroll | 4407 | TD Bank | Heywood Affiliated Medical Group, Inc. |
| 12 | Quabbin Operating Acct | 0660 | TD Bank | Quabbin Healthcare, Inc. |
| 13 | Quabbin Temp Restricted | 0678 | TD Bank | Quabbin Healthcare, Inc. |
| 14 | Realty Operating | 4648 | TD Bank | Heywood Hospital Realty Corporation |
| 15 | EFT Acct | 4175 | TD Bank | Heywood Memorial Hospital, Inc. |
| 16 | Heywood Healthcare Inc | 9664 | TD Bank | Heywood Healthcare, Inc. |
| 17 | Heywood Healthcare Charitable Found | 7288 | TD Bank | Heywood Healthcare, Inc. |
| 18 | HHCF 2nd Acct | 8449 | TD Bank | Heywood Healthcare, Inc. |
| 19 | Heywood Affiliated Medical Group Inc | 1540 | U.S. Bank | Heywood Affiliated Medical Group, Inc. |

4874-6454-6467.4