**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.*[1] | ) | Case No. 23-40817 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors-in-Possession. | ) | |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING REJECTION OF
EMPLOYMENT AGREEMENT WITH DR. HOOK, EFFECTIVE AS OF JUNE 30, 2024**

Debtors Heywood Healthcare, Inc. ("Heywood Healthcare"), The Henry Heywood Memorial Hospital ("Heywood Hospital"), Athol Memorial Hospital ("Athol Hospital"), Heywood Medical Group, Inc. ("Heywood Medical Group"), Athol Memorial Hospital NMTC Holdings, Inc. ("Athol NMTC"), Quabbin Healthcare, Inc. ("Quabbin"), and Heywood Realty Corporation ("Heywood Realty" and collectively with Heywood Healthcare, Heywood Hospital, Athol Hospital, Heywood Medical Group, and Athol NMTC, the "Debtors"), hereby move (the "Motion") pursuant to sections 365(a) and 105(a) of the Bankruptcy Code, Fed. R. Bankr. P. 6006, and MLBR 9013-1 for this Court's entry of an order authorizing the rejection, effective as of June 30, 2024, of an Employment Agreement (the "Agreement") with Dr. Patrick Hook ("Hook") as more particularly described below, and states as grounds therefor as follows:

---

[1] The Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Massachusetts (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code.

**BACKGROUND**

4. On October 1, 2023 (the "Petition Date"), the Debtors commenced with this Court these Chapter 11 Cases under the Bankruptcy Code in an effort to preserve and maximize the value of their chapter 11 estates.

5. The Debtors are operating their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. To date, no trustee or examiner has been appointed.

6. On October 20, 2023, the United States Trustee appointed the Official Committee of Unsecured Creditors and the Patient Care Ombudsman.

7. More information about the Debtors and the events leading up to these Chapter 11 filings can be found in the *Declaration of Thomas J. Sullivan, Co-Chief Executive Officer of the Debtors, in Support of First Day Motions* [Docket No. 13] (the "Sullivan Declaration").

8. On May 28, 2024, the Debtors filed their *Plan of Reorganization of Heywood Healthcare, Inc., et. al., Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Dkt. No. 752].

**THE AGREEMENT**

9.      On or about April 8, 2019, Debtor Heywood Medical Group ("Heywood") and Hook entered into the Agreement, pursuant to which Hook provided rheumatology services to the Debtors' patients.

10.     The Agreement commenced on April 15, 2019, for a term of three years, with automatic renewals for successive one-year terms unless either party moves to terminate the contract.

11.     The Debtors wish to terminate the Agreement with Hook, effective as of June 30, 2024, because the Debtors do not require Hook's services as part of their contemplated reorganization. The Agreement has not been previously assumed by the Debtors. To the extent not already paid, the Debtors will pay any undisputed amounts owed under the Agreement for the postpetition period pursuant to the requirements of the Bankruptcy Code.

**RELIEF REQUESTED**

12.     By this Motion, Debtors seek entry of an order authorizing the rejection of the Agreement pursuant to sections 365(a) and 105(a) of the Bankruptcy Code, effective as of June 30, 2024.

13.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor, subject to bankruptcy court approval, may assume or reject any executory contract or unexpired lease to which the debtor is a party. 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984).  The Debtors no longer require the services that Hook had performed in the past.  Accordingly, the Debtors proposed rejection of the Agreement is a reasonable and prudent exercise of the Debtors' business judgment and is entitled to this Court's approval. *See In re BankVest Capital Corp.*, 290 B.R. 443, 447 (1st Cir. B.A.P. 2003) (court's focus in determining a debtor's motion to assume or reject a lease or executory contract is whether the assumption or

3

rejection is based upon the debtor's business judgment ); *see also Bildisco & Bildisco*, 465 U.S. at 523 (recognizing courts' use of the business judgment standard in evaluating whether rejection of executory contracts or leases is appropriate); *In re Financial Oversight and Management Board for Puerto Rico*, 618 B.R. 349, 359 (Bankr. D. P.R. 2020); *see also In re Riodizio, Inc.*, 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management").

14.     As explained above, the Debtors have no future need for the services provided under the Agreement. Accordingly, rejection of Agreement, effective as of June 30, 2024, is a reasonable and prudent exercise of the Debtors' business judgment and it is within this Court's equitable powers to grant such relief.

## NOTICE

15.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Massachusetts, (b) counsel for the Official Committee of Unsecured Creditors; (c) Hook; (d) all parties which, to the best of the Debtors' knowledge, information and belief, have asserted or may assert a lien in the Debtors' assets, through counsel if known; and (e) all other parties requesting service of notices or pleadings pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtors submit that, given the nature of the relief requested herein, no other or further notice is necessary.

## RESERVATION OF RIGHTS

16.     Nothing contained in this Motion or the relief requested herein shall constitute or is intended to constitute: (a) an admission as to the amount of, basis for, or validity of any claim relating to the Agreement against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; or (b) a waiver of any claims that the Debtors or any other party may have

against any counterparty to the Agreement referenced herein, whether or not such claims arise under, are related to the rejection of, or are independent of the Agreement referenced herein.

**NO PRIOR REQUEST**

17.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, for the reasons set forth above, the Debtors respectfully request this Court grant this motion authorizing the rejection of the Agreement pursuant to sections 365(a) and 105(a) of the Bankruptcy Code, effective as of June 30, 2024.

Dated: June 5, 2024

*/s/  Edward J. Green*

John M. Flick (#652169)
**FLICK LAW GROUP, P.C.**
144 Central Street, Unit 201
Gardner, MA 01440
Tel: (978) 632-948
jflick@flicklawgroup.com

Edward J. Green (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com

Tamar N. Dolcourt (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100
Fax: (313) 234-2800
tdolcourt@foley.com

Alissa M. Nann (*Pro Hac Vice*)

**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
anann@foley.com

*Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I, Edward J. Green, do hereby certify that on June 5, 2024, I caused a copy of the foregoing document to be served through the ECF system, and that copies will be sent electronically to registered participants.  The Debtors' claims and noticing agent, Stretto, Inc., will further serve this document in accordance with the Federal Rules of Bankruptcy Procedure, the Massachusetts Local Rules of Bankruptcy Procedure, and any applicable orders of the Court, and will file an additional certificate of service upon completion.

Dated: June 5, 2024                                    /s/ *Edward J. Green*