**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

In re:

HEYWOOD HEALTHCARE, INC.
*et al.*[1]

        Debtors

Chapter 11
Case No. 23-40817-EDK
(Jointly Administered)

**LIMITED OBJECTION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS TO THE**
**DEBTORS' MOTION FOR ORDER APPROVING RECOUPMENT**
**AND FORBEARANCE AGREEMENT WITH THE COMMONWEALTH**

The Official Committee of Unsecured Creditors of Heywood Healthcare, Inc., *et al.*, (the "Committee"), by and through its undersigned counsel, hereby submits this limited objection (this "Objection") to entry of a final order regarding the *Debtors' Motion for Order Approving the Recoupment and Forbearance Agreement with the Commonwealth* [Dkt. No. 353] (the "Motion"), [2] filed by the above-captioned debtors in these chapter 11 cases (collectively, the "Debtors"). The Committee incorporates herein by reference its previous response and reservation of rights (the "Response") [Dkt. No. 363] to the Motion, and. in further support of this objection, the Committee respectfully states as follows:

**OBJECTION**

1.      The Committee files this Objection out of an abundance of caution and to reserve

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); the Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583); Heywood Medical Group, Inc. (3589); Athol Memorial Hospital NMTC Holdings, Inc., (2189); Quabbin Healthcare, Inc. (7153); and Heywood Realty Corporation (7447).

[2]     Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

23874320.v1

its rights with respect to the relief sought through the Motion.  As previously noted by the Committee in the Response, the Committee lacked (and continues to lack) sufficient information to permit it to determine whether the relief sought in the motion is substantively warranted or permissible.

2.      Prior to the Motion being filed and on numerous occasions subsequently, the Committee has requested that the Debtors and the Commonwealth provide the Committee with information to assess whether to support the relief sought by the Debtors.[3]  Although yet to receive the information requested, the Committee has supported the Debtor's continuation of the Motion on an interim basis on multiple occasions *See* Response, Dkt. Nos. 362, 462, 539, 591, 663.  This is because Committee appreciates that the partnership between the Debtors and the Commonwealth has been instrumental in these cases, and understands that full-throated litigation of Medicare and/or Medicaid offsets in the bankruptcy context can be highly contentious and administratively burdensome.  Fully consensual resolution of the Motion is highly preferable to the Committee and in the best interest of the estates.

3.      Further, the Debtors have recently indicated that they have reached a resolution with the Commonwealth that likely obviates in the need for the relief sought by the Motion.  In the Debtors' *First Amended Disclosure Statement Relating to the Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (the

---

[3]      Such information requested includes, but is not limited to, the following: (i) the source of the Advance, including what Commonwealth fund or program the Advance was paid from and the statutory basis for payment of the Advance; (ii) the funds from which the Commonwealth sought to withhold payments to recover the Advance, including the statutory basis for withholding; (iii) any written agreement evidencing the Advance; (iv) any request for recoupment made by the Commonwealth; and (v) any written communication from the Commonwealth requesting recoupment.  This information is necessary for the Committee to determine whether the proposed offsets would be in the nature of a recoupment, as characterized by the Debtors, or a setoff.  See *In re Holyoke Nursing Home, Inc.*, 372 F.3d 1, 3 (1st Cir. 2004) (describing distinction between setoff and recoupment); *see also In re Garden Reg'l Hosp. & Med. Ctr., Inc.*, 975 F.3d 926, 939 (9th Cir. 2020) (holding that state administering Medicaid programs may not recoup debts in the form of unpaid HQAF fees by withholding fee-for-service payments because they are drawn from separate funds).

23874320.v1

"Disclosure Statement") [Dkt No. 756], filed by the Debtors on May 29, 2024, the Debtors indicated that the Commonwealth has agreed that it "will not begin to recoup on the Advance until April 1, 2025," and that the "Debtors expect to file shortly a motion to approve the amendment to the Forbearance Agreement." Disclosure Statement, p. 11. Indeed, the Debtors have shared with the Committee a proposed order reflecting an amendment to the Forbearance Agreement, and the Committee provided comments to the Debtors on May 28, 2024. The Debtors communicated to the Committee today, June 7, 2024, that the Debtors are awaiting final approval from the Commonwealth. Thus, the Committee is of the understanding that final relief on the Motion is unnecessary at this time.

## RESERVATION OF RIGHTS

4.      The Committee expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Motion or any other issue in this chapter 11 case. The Committee further reserves the right to supplement, modify, or amend this Objection or to seek discovery or raise additional objections orally or in writing at any hearing on this Motion.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that the Court deny relief sought by the Motion, or alternatively that the Court grant relief on an interim basis only, pending the Debtors filing of a motion to approve the Debtors' amended agreement with the Commonwealth, and grant such further and additional relief as the Court deems proper.

3

23874320.v1

Dated: June 7, 2024

/s/ Andrew C. Helman
Andrew Helman
Kyle D. Smith (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME  04101
Phone: (207) 553-8368
Email: andrew.helman@dentons.com
Email: kyle.d.smith@dentons.com

and

Sam J. Alberts (federal admission
forthcoming, admitted *pro hac vice*)
Dentons US LLP
One Beacon Street, Suite 25300
Boston, Massachusetts  02108
Phone: (207) 619-0919
Email: sam.alberts@dentons.com

and

Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
Ste. 25th Floor
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

*Counsel to the Official Committee of Unsecured Creditors of Heywood Healthcare, Inc., et al.*

4

23874320.v1

## CERTIFICATE OF SERVICE

I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document (with exhibits, if any) to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: June 7, 2023

*/s/ Andrew C. Helman*
Andrew C. Helman (BBO# 679155)
Dentons Bingham Greenebaum LLP
One Beacon Street, Suite 25300
Boston, Massachusetts  02108
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

23874320.v1