UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:

HEYWOOD HEALTHCARE, INC.
*et al.*,[2]
    Debtors

Chapter 11
Case No. 23-40817-EDK
(Jointly Administered)

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL ON A NON-CONSENSUAL BASIS

Upon consideration of the proposed order [Dkt. No. 775] (the "Proposed Order") seeking to modify the *Sixth Interim Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Granting Liens and Superpriority Claims, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief* [Dkt. No. 717] (the "Sixth Interim Order"),[3] and after notice and a hearing on June 5, 2024 (the "Hearing"), the Court hereby ORDERS as follows:

The Court **FINDS** and **DETERMINES**:

A.      On June 4, 2024, the Debtors filed the Proposed Order, which contained certain modifications to the Sixth Interim Order, including an extension of consensual use of property that may be cash collateral (within the meaning of section 363(a) of the Bankruptcy Code) ("Cash Collateral") from June 7, 2024 to and including July 12, 2024.

---

[2]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); the Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583); Heywood Medical Group, Inc. (3589); Athol Memorial Hospital NMTC Holdings, Inc., (2189); Quabbin Healthcare, Inc. (7153); and Heywood Realty Corporation (7447).

[3]     Capitalized terms not defined herein shall have the meaning ascribed to them in the Sixth Interim Order.

23902268.v2

B.      On June 4, 2024, the Official Committee of Unsecured Creditors of Heywood Healthcare, Inc. et al. (the "Committee") filed *The Official Committee of Unsecured Creditors' Limited Objection to the Proposed Order Modifying the Sixth Interim Cash Collateral Order* [Dkt. No. 776] (the "Objection").

C.      On June 5, 2024, the Debtors filed the *Debtors' Reply to the Official Committee of Unsecured Creditors Response and Limited Objection to the Proposed Modified Sixth Interim Cash Collateral Order* [Dkt. No. 777].

D.      Based upon the record before the Court, and considering the arguments of counsel at the Hearing, the Court finds and determines that the Prepetition Secured Parties are adequately protected as to the Debtors' use of Cash Collateral (as defined in the Sixth Interim Order) in accordance with the budget filed with the Proposed Order [Dkt. No. 775-1] (the "Current Budget"), a copy of which is annexed hereto as **Exhibit 1**, for the duration of this Order, over the opposition of the Prepetition Secured Parties.

Accordingly, the Court **ORDERS** as follows:

1.      The Committee's Objection as to the Proposed Order is sustained.

2.      The Debtors' request for entry of the Proposed Order is denied.

3.      The Court authorizes the Debtors to use Cash Collateral in accordance with the Current Budget on a non-consensual basis through and including July 12, 2024; *provided, however*, that the Debtors are **not** authorized to make any adequate protection payments identified in the Current Budget under the line items "Adequate Protection Interest and Fees" in the amount of $241,000.00  and "Adequate Protection Professionals" in the amount of $500,00.00, pending further proceedings.

23902268.v2

4.      For the reasons set forth on the record, the Debtors are authorized to pay amounts listed in prior budgets under line item for "Adequate Protection Professionals" provided (A) such disbursements had not been paid as of the Hearing; (B) were authorized to be paid under the terms of the Sixth Interim Order or any prior interim cash collateral order; and (C) are not included in the disbursements contained in the Current Budget.  Any "Adequate Protection Professionals" payments to be made pursuant to the prior sentence are made subject to a full reservation of rights, claims, and causes of action of the Estates and the Committee.

5.      The Court shall hold an evidentiary hearing on **July 12, 2024, at 10:00 a.m.,** as to whether the Prepetition Secured Parties are adequately protected for any continuing use of Cash Collateral.

6.      All rights of all parties are reserved regarding matters not decided by this Order.

Dated: June 18, 2024

_____
The Honorable Elizabeth D. Katz
United States Bankruptcy Judge

23902268.v2

**EXHIBIT 1**

**Heywood Healthcare** (All Debtors)
Seventh Interim Budget
For the Period Covering 6/10/24 through 7/12/24
Delivered 6/4/24


**Heywood Healthcare**
ATHOL HOSPITAL | HEYWOOD HOSPITAL | HEYWOOD MEDICAL GROUP | QUABBIN RETREAT

| ($ in 000's, Weeks Ended) | Forecast 6/14/24 | Forecast 6/21/24 | Forecast 6/28/24 | Forecast 7/5/24 | Forecast 7/12/24 | Total |
|---|---|---|---|---|---|---|
| **All Debtors Combined** | | | | | | |
| **Operating Receipts** | | | | | | |
| A/R Receipts | $ 3,282 | $ 3,190 | $ 3,284 | $ 3,186 | $ 3,273 | $ 16,215 |
| Intercompany | 175 | 175 | 175 | 175 | 175 | 875 |
| Other Revenue | 471 | 479 | 460 | 479 | 471 | 2,359 |
| **Non-Operating Receipts** | 13 | 13 | 13 | 13 | 41 | 92 |
| **State Grant** | 0 | 0 | 0 | 0 | 0 | 0 |
| **Total Receipts** | 3,941 | 3,857 | 3,931 | 3,853 | 3,959 | 19,541 |
| | | | | | | |
| **Operating Disbursements** | | | | | | |
| Payroll | $ (2,406) | $ (2,403) | $ (2,406) | $ (2,403) | $ (2,406) | $ (12,024) |
| Physician Incentives | 0 | 0 | 0 | 0 | 0 | 0 |
| Accounts Payable | (1,650) | (1,650) | (1,650) | (1,650) | (1,650) | (8,250) |
| Ordinary Course Professionals | 0 | 0 | (75) | 0 | 0 | (75) |
| Lease Payments | (165) | (9) | (2) | 0 | (90) | (266) |
| Intercompany | (181) | (181) | (181) | (181) | (181) | (905) |
| Insurance | (405) | (205) | (405) | (870) | (405) | (2,290) |
| Health Safety Net | 0 | 0 | (244) | 0 | 0 | (244) |
| Other Expenses | 0 | (214) | 0 | (78) | 0 | (292) |
| **Non-Operating Disbursements** | | | | | | |
| Non-Operating Entities | (13) | (13) | (13) | (66) | (13) | (117) |
| **Bankruptcy Costs** | | | | | | |
| Estate Professional Fees | 0 | (20) | 0 | (900) | 0 | (920) |
| Claims Agent (Stretto) | 0 | 0 | 0 | (75) | 0 | (75) |
| Restructuring Counsel (Foley & Lardner LLP) | 0 | 0 | 0 | (425) | 0 | (425) |
| Local and Conflicts Counsel (Flick Law Group) | 0 | 0 | 0 | 0 | 0 | 0 |
| Litigation Counsel (TBD) | 0 | 0 | 0 | 0 | 0 | 0 |
| Patient Care Ombudsman | 0 | (20) | 0 | 0 | 0 | (20) |
| UCC Financial Advisor (FTI Consulting) | 0 | 0 | 0 | (100) | 0 | (100) |
| UCC Counsel | 0 | 0 | 0 | (250) | 0 | (250) |
| Investment Banker (Houlihan Lokey) | 0 | 0 | 0 | (50) | 0 | (50) |
| US Trustee Fees | 0 | 0 | 0 | 0 | 0 | 0 |
| Bankruptcy Support Services (Huron Consulting Group) | 0 | (250) | 0 | 0 | 0 | (250) |
| Adequate Protection Interest and Fees | 0 | 0 | (241) | 0 | 0 | (241) |
| Adequate Protection Professionals | 0 | (500) | 0 | 0 | 0 | (500) |
| Utility Deposit | 0 | 0 | 0 | 0 | 0 | 0 |
| DIP Due Diligence Deposit | 0 | 0 | 0 | 0 | 0 | 0 |
| **Total Disbursements** | (4,820) | (5,445) | (5,218) | (6,148) | (4,745) | (26,376) |
| | | | | | | |
| **Net Activity** | $ (879) | $ (1,588) | $ (1,287) | $ (2,295) | $ (786) | $ (6,835) |
| | | | | | | |
| **Beginning Balance** | $ 16,351 | $ 15,472 | $ 13,884 | $ 12,597 | $ 10,302 | $ 16,351 |
| Beginning Balance (State Grant) | 0 | 0 | 0 | 0 | 0 | 0 |
| Beginning Balance (Cash Collateral) | 16,351 | 15,472 | 13,884 | 12,597 | 10,302 | 16,351 |
| **Ending Balance** | $ 15,472 | $ 13,884 | $ 12,597 | $ 10,302 | $ 9,516 | $ 9,516 |
| Ending Balance (State Grant) | 0 | 0 | 0 | 0 | 0 | 0 |
| Ending Balance (Cash Collateral) | 15,472 | 13,884 | 12,597 | 10,302 | 9,516 | 9,516 |

23902268.v2