**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.*[1] | ) | Case No. 23-40817 (EDK) |
| | ) | |
| Debtors-in-Possession. | ) | (Jointly Administered) |
| | ) | |

## ORDER APPROVING CLAIMS OBJECTION PROCEDURES

Upon consideration of the *Debtors' Motion for Entry of Order Approving (I) Claims Objection Procedures and (II) Claims Hearing Procedures* (the "Motion")[2] filed by the Debtors, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007, 9014, and 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving certain claims objection procedures and claims hearings procedures intended to streamline the claims process and conserve the resources of the Debtors' estates, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the

[1] The Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The request for approval of the Claims Hearing Procedures is denied.

3. The Debtors and other parties in interest are authorized to object to claims in accordance with the following procedures (the "Claim Objection Procedures"):

(a) Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors and other parties in interest are authorized to file Omnibus Objections to claims seeking reduction, reclassification, or disallowance of claims on one or more of the following grounds (the "Additional Permitted Grounds" and together with those grounds set forth in Bankruptcy Rule 3007(d), the "Permitted Grounds"):

i. the amount claimed contradicts the Debtors' books and records;

ii. the claim seeks recovery of amounts for which the Debtors are not liable;

iii. the claims are not entitled to the asserted secured status or other priority;

iv. the claims do not include sufficient documentation to ascertain the validity of such claims;

v. the claims have been waived or withdrawn pursuant to an agreement with the Debtors; and

vi. the claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

(b) The Debtors are authorized to file Omnibus Objections to no more than one hundred (100) claims at a time on the Permitted Grounds;

(c) Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e);

(d) Any order sustaining an Omnibus Claims Objection shall be treated as an order for each claim referenced in the Omnibus Claims Objection as if an

individual objection had been filed and an individual order had been entered for such claim;

(e) The Debtors are authorized to serve a Claim Objection Notice, rather than the entire Omnibus Claim Objection, on each claimant whose claim is the subject of the applicable omnibus claim objection and, if known, its counsel. The Claim Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1**, and shall include an explanation of the claim objection process, a description of the basis of the omnibus claim objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the omnibus claim objection (with reference to an attached exhibit or otherwise), and information on how the claimant might obtain a complete copy of the omnibus objection. The Debtors retain the right to serve Omnibus Claim Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion;

(f) The Debtors shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved notice and claim agent, Stretto, Inc. ("Stretto") at https://cases.stretto.com/heywood/; and

(g) Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and by email to counsel for the Liquidating Trustee; (b) with respect to Omnibus Claims Objections, service of a Claim Objection Notice on the claimant whose claim is the subject of the applicable omnibus claim objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel by email. In addition, a complete copy of each omnibus and individual claim objection will be filed with this Court and publicly available on the Court's electronic docket, PACER, and the Case Website.

4. The deadline for responses to the Debtors' individual and omnibus claim objections will be set by the Court upon the filing of the objection.

5. Nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular claim and all settlements of claims may be negotiated and compromised by the Debtors in their sole discretion.

6. Nothing in this Order shall (a) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Plan or (b) expand or create additional rights as to the Debtors, to settle or pursue settlement of claims pursuant to any other order of the Court.

7. Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted in these cases.

8. Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November 26, 2024

Elizabeth D. Katz
HON. ELIZABETH D. KATZ
UNITED STATES BANKRUPTCY JUDGE



4869-4336-6382.6

**Exhibit 1**
**Notice of Omnibus Objection**

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE [insert ordinal] OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT HEYWOOD HEALTHCARE, INC.'S COUNSEL, JAKE W. GORDON BY EMAIL AT JAKE.GORDON@FOLEY.COM**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.*[1] | ) | Case No. 23-40817 (EDK) |
| | ) | |
| Debtors-in-Possession. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' [insert ordinal]**
**OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM**
**([insert basis for objection])**

**PLEASE TAKE NOTICE** that, on _________, 202[_], Debtors Heywood Healthcare, Inc. ("Heywood Healthcare"), The Henry Heywood Memorial Hospital ("Heywood Hospital"), Athol Memorial Hospital ("Athol Hospital"), Heywood Medical Group, Inc. ("Heywood Medical Group"), Athol Memorial Hospital NMTC Holdings, Inc. ("Athol NMTC"), Quabbin Healthcare, Inc. ("Quabbin"), and Heywood Realty Corporation ("Heywood Realty" and collectively with Heywood Healthcare, Heywood Hospital, Athol Hospital, Heywood Medical Group, and Athol NMTC, the "Debtors") filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim (**[insert**

[1] The Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

**basis for objection])** (the "Objection") with the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed on **Exhibit A** annexed hereto on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]**. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that if you do NOT oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you MUST file with the Clerk's Office of the Bankruptcy Court and serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m. prevailing Eastern Time on _______________, 2024** (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you

will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court may consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) Clerk's Office, United States Bankruptcy Court, 300 State Street, Springfield, MA 01105; (ii) Foley & Lardner LLP, 321 N. Clark Street, Suite 3000, Chicago, IL 60654, (Attn: Edward J. Green), attorney for the Debtors; (ii) Foley & Lardner LLP, 500 Woodward Avenue, Suite 2700, Detroit, MI 48226, (Attn: Jake W. Gordon), attorney for the Debtors; (iii) Flick Law Group, P.C., 144 Central Street, Unit 201, Gardner, MA 01440 (Attn: John M. Flick, Esq.); (iv) Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020 (Attn: Lauren M. Macksoud), attorney for the Liquidating Trustee.

A hearing will be held on **_____, 202[_]** to consider the Objection. The hearing will be held at _____ Prevailing Eastern Time in the United States Bankruptcy Court for the District of Massachusetts, Donohue Federal Building, 595 Main Street, Courtroom 3, Worcester, MA 01608 and by Zoom.gov videoconference. Parties in interest who wish to participate through Zoom, **by 12:00 p.m. one court business day before the hearing,** should email the Courtroom Clerk at stephen_reynolds@mab.uscourts.gov requesting remote participation, providing their name, the party they represent, and whether or not they will be an active participant in the hearing or only observing. Participation by video is only permitted by parties in interest. All other parties who wish to attend the hearing must attend in person.

If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s) listed on **Exhibit A**, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

If you wish to view the complete Objection, you can do so for free at https://cases.stretto.com/heywood/. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

Dated: November 26, 2024

/s/

Edward J. Green (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com

Tamar N. Dolcourt (*Pro Hac Vice*)
Jake W. Gordon (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100
Fax: (313) 234-2800
tdolcourt@foley.com
jake.gordon@foley.com

Alissa M. Nann (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
anann@foley.com

John M. Flick (#652169)
**FLICK LAW GROUP, P.C.**
144 Central Street, Unit 201
Gardner, MA 01440
Tel: (978) 632-7948
jflick@flicklawgroup.com

*Counsel to the Debtors and Debtors in Possession*