**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.,*[1] | ) | Case No. 23-40817 |
| | ) | |
| Debtors-in-Possession. | ) | Honorable Elizabeth D. Katz |
| | ) | |
| | ) | (Jointly Administered) |

**FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM**
**(TO DISALLOW, REDUCE, OR RECLASSIFY CLAIMS)**

Reorganized Debtors Heywood Healthcare, Inc. ("Heywood Healthcare"), The Henry Heywood Memorial Hospital ("Heywood Hospital"), Athol Memorial Hospital ("Athol Hospital"), Heywood Medical Group, Inc. ("Heywood Medical Group"), Athol Memorial Hospital NMTC Holdings, Inc. ("Athol NMTC"), Quabbin Healthcare, Inc. ("Quabbin"), and Heywood Realty Corporation ("Heywood Realty" and collectively with Heywood Healthcare, Heywood Hospital, Athol Hospital, Heywood Medical Group, Athol NMTC, and Quabbin, the "Reorganized Debtors"), respectfully represent as follows in support of this omnibus objection (the "Objection"):

**BACKGROUND**

1. On October 1, 2023, each of the Reorganized Debtors filed a Voluntary Petition of Chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned cases (the "Chapter 11 Cases").

2. On January 11, 2024, the Bankruptcy Court entered an order granting the relief set forth in the Bar Date Motion [Docket No. 444] (the "Bar Date Order"), which, among other things,

[1] The Reorganized Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Reorganized Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

sets forth (i) the procedures for filing a proof of claim in these chapter 11 cases, and (ii) which parties are required to file proofs of claim.

3. Under the Bar Date Order, the Court set (i) March 12, 2024, as the deadline for each person or entity, not including governmental units as defined in section 101(27) of the Bankruptcy Code, to file a proof of claim in the Debtors' chapter 11 cases (the "General Bar Date"), and (ii) March 29, 2024, as the deadline for all governmental units to file a proof of claim in the Debtors' chapter 11 cases (the "Governmental Bar Date," together with the General Bar Date, the "Bar Date").

4. Furthermore, the Bar Date Order provides that unless a claim is either (a) listed in the Schedules and Liabilities by the Debtors pursuant to Fed. R. Bankr. P. 1007 and not listed as unliquidated, disputed, or contingent liability or (b) evidenced by a Proof of Claim filed on or before the Bar Date, then such claim shall be forever barred from being asserted against the Debtors. Bar Date Order, ¶ 8.

5. On September 30, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1063] (the "Confirmation Order"), confirming the *Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1040] (as further amended, supplemented, or modified, the "Plan").

6. On October 7, 2024, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Final Deadlines for Filing Certain Claims* [Docket No. 1069] providing notice that *inter alia,* the Effective Date of the Plan occurred on October 1, 2024 (the "Effective Date").

7. The Reorganized Debtors are responsible for carrying out and implementing provisions of the Plan, including reconciling, objecting to, or settling Claims filed and otherwise asserted against the Debtors. *See* Plan § VIII. B. As more fully set out therein, section VIII. vests the Reorganized Debtors with "the sole authority to (1) File, withdraw, or litigate to judgment, objections to Claims[.]" *Id.*

8. On November 26, 2024, the Court entered the *Order Approving Claims Procedures* [Docket No. 1128], establishing certain claims objection procedures and claims hearing procedures.

**RELIEF REQUESTED**

9. The Reorganized Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order (i) disallowing any secured, administrative, or priority claims asserted in the proofs of claim listed on **Exhibit A** attached hereto, and (ii) reclassifying as general unsecured claims all claims asserted in the proofs of claim listed on **Exhibit B** attached hereto.

10. The Reorganized Debtors have examined each claim subject to this objection, all documentation provided with respect to each such claim, and the Reorganized Debtors' respective books and records, and have determined in each case that the claims should be disallowed or reclassified as general unsecured claims in accordance with and for the reasons set forth in this Motion and on the exhibits attached hereto.

11. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "Proposed Order").

12. The Reorganized Debtors respectfully request that the Court schedule a hearing on the Objection, after which, the Reorganized Debtors shall promptly serve the Notice of Hearing, attached hereto as **Exhibit D**, in accordance with the *Order Approving Claims Procedures*.

## BASIS FOR RELIEF REQUESTED

**A. The Claims Subject to this Objection Should be Disallowed or Reclassified**

13. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

14. Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b). Further, Bankruptcy Rule 3007(d)(1) permits a debtor to file objections to more than one claim on the basis that, among other things, such claims "duplicate other claims." Fed. R. Bankr. P. 3007(d)(1).

15. While a properly filed claim is *prima facie* evidence of the claim's allowed amount when an objecting party rebuts a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of the evidence. *See, e.g., In re QR Properties, LLC,* 485 B.R. 20, 24 (Bankr. D. Mass. 2013) ("If the objecting party successfully rebuts the *prima facie* validity of the claim, the burden then shifts back to the claimant to demonstrate that the claim is valid."); *In re Allegheny Int'l, Inc*., 954 F.2d 167, 173–74 (3d Cir. 1992) ("The burden of persuasion is always on the claimant."); *Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC),* 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *see also* 11 U.S.C. § 501; Fed. R. Bankr. P. 3001(f).

16. Proofs of claim are routinely disallowed or reclassified when unsupported or as otherwise appropriate. *See, e.g., In re RDA Holding Co.,* Case No. 13-22233 (RDD) (Bankr. S.D.N.Y. Sep. 18, 2013) (Docket Nos. 699 & 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc.,* Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2016) (Docket No. 3132) (same); *In re Tops Holding II Corp.,* Case No. 18-

22279 (RDD) (Bankr. S.D.N.Y. Apr. 26, 2019) (Docket No. 911) (same). A proof of claim that lacks supporting documentation required by Bankruptcy Rule 3001 does not receive the presumption of *prima facie* validity; "[r]ather the claimant maintains the burden of proving its claim by a preponderance of the evidence." *In re New Century TRS Holdings, Inc*., 495 B.R. 625, 633, (Bankr. D. Del. 2013) (citing *In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008)); *In re Rehman*, 479 B.R. 238, 242 (Bankr. D. Mass. 2012).

17. Indeed, courts routinely disallow and expunge claims for which no supporting documentation has been submitted by the claimant. *See, e.g., In re Prodigy Investment Holdings, Inc.,* Case No. 23-11120 (BLS) (Bankr. D. Del. Dec. 4, 2024) (Docket No. 1481) (disallowing and expunging claims without sufficient documentation); *In re Breitburn Energy Partners LP,* Case No. 16-11390 (SMB) (Bankr. S.D.N.Y. Apr. 11, 2017) (Docket No. 1164) (same); *In re Chassix Holdings, Inc.,* Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. Apr. 21, 2016) (Docket No. 478) (same).

18. Moreover, a claimant asserting priority bears the burden of establishing its entitlement to such priority. *See, e.g., In re Hemingway Transport, Inc.,* 954 F.2d 1, 5 (1st Cir. 1992) ("The burden of proving entitlement to priority payment as an administrative expense therefore rests with the party requesting it."); *accord In re Bethlehem Steel Corp.,* 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.,* 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate."). Statutory priorities under the Bankruptcy Code are to be construed and awarded

narrowly and consistent with the intent of the Bankruptcy Code. *See, e.g., Howard Delivery Serv. v. Zurich Am. Ins. Co.,* 547 U.S. 651, 667, 669 (2006) (noting the longstanding principle that administrative claims "must be tightly construed" to accomplish the Bankruptcy Code's objective of equal distribution to creditors); *In re Boston Regional Medical Center*, 264 B.R. 222, 226 (Bankr. D. Mass. 2001) (noting that because priority contravenes the fundamental bankruptcy principle of equality of distribution among creditors, courts should construe the priority provisions of the Bankruptcy Code narrowly); *In re Bayou Grp., LLC,* 431 B.R. 549, 558 (Bankr. S.D.N.Y. 2010) (emphasizing "the general rule that priorities must be narrowly construed in light of the presumption in bankruptcy cases that the debtor's limited resources will be equally distributed among all unsecured creditors").

**B. Disallowed and Expunged Claims**

19. The Reorganized Debtors object to the claims listed in **Exhibit A** as improperly asserting that such claims are entitled to administrative expense or priority under the Bankruptcy Code. Each of these claims either has (i) no supporting documentation indicating that such claims are entitled to non-administrative priority or the support provided by the claimant is not supported by the Debtors' books and records; (ii) the claim is duplicative of another asserted claim; (iii) the claim is based on a cure amount that has been fully satisfied through the Plan; or (iv) the claim was filed after the General Bar Date.

20. Therefore, any secured, administrative, or priority claims asserted by the claims listed on **Exhibit A** should be disallowed.

**C. Reclassified Claims**

21. The claims listed in **Exhibit B** improperly assert that such claims are entitled to priority status under the Bankruptcy Code. The Reorganized Debtors have reviewed these claims, all documents furnished by the claimants with respect to such claims, and the Debtors' books and

records, and have determined that each claim either (i) asserts a claim that does not satisfy the requirements for statutory priority under the Bankruptcy Code or (ii) fails to satisfy its burden to establish the existence of a priority claim under the Bankruptcy Code. Accordingly, to ensure that the claims register is accurate, and to avoid the possibility of improper recovery against the estate, the Reorganized Debtors request that the Court reclassify each of the claims listed on **Exhibit B** to general unsecured claims.

22. As set forth above, certain of the claims listed in **Exhibit B** improperly assert that such claims are entitled to priority under the Bankruptcy Code. Indeed, as noted above, the claimant bears the burden of providing their entitlement to such priority, and based on the information provided with the Claims and a review of the Debtors' books and records, the asserted priority claims listed on **Exhibit B** fail to satisfy such burden, absent additional support.

23. Therefore, each of the asserted priority claims, as set forth in Exhibit B, should be reclassified in full as general unsecured claims for the reasons set forth above.

WHEREFORE, the Reorganized Debtors respectfully request this Court enter the Proposed Order substantially in the form attached hereto as **Exhibit C**, sustaining the Objection and granting such other relief as the Court deems just and proper.

Dated: February 18, 2025

*/s/ Edward J. Green*
Edward J. Green (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com

Jake W. Gordon (*Pro Hac Vice* admitted)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100

Fax: (313) 234-2800
jake.gordon@foley.com

Alissa M. Nann (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
anann@foley.com

John M. Flick (#652169)
**FLICK LAW GROUP, P.C.**
144 Central Street, Unit 201
Gardner, MA 01440
Tel: (978) 632-7948
jflick@flicklawgroup.com

*Counsel to the Reorganized Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I, Edward J. Green, do hereby certify that on February 18, 2025, I caused a copy of the foregoing document to be served through the ECF system, and that copies will be sent electronically to registered participants. The Reorganized Debtors' claims and noticing agent, Stretto, Inc., will further serve this document in accordance with the Federal Rules of Bankruptcy Procedure, the Massachusetts Local Rules of Bankruptcy Procedure, and any applicable orders of the Court, and will file an additional certificate of service upon completion.

Dated: February 18, 2025 *\/s/ Edward J. Green*