**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.,*[1] | ) | Case No. 23-40817 |
| | ) | |
| Debtors-in-Possession. | ) | Honorable Elizabeth D. Katz |
| | ) | |
| | ) | (Jointly Administered) |

**SECOND OMNIBUS OBJECTION TO PROOFS OF CLAIM**
**(TO DISALLOW CLAIMS)**

Reorganized Debtors Heywood Healthcare, Inc. ("Heywood Healthcare"), The Henry Heywood Memorial Hospital ("Heywood Hospital"), Athol Memorial Hospital ("Athol Hospital"), Heywood Medical Group, Inc. ("Heywood Medical Group"), Athol Memorial Hospital NMTC Holdings, Inc. ("Athol NMTC"), Quabbin Healthcare, Inc. ("Quabbin"), and Heywood Realty Corporation ("Heywood Realty" and collectively with Heywood Healthcare, Heywood Hospital, Athol Hospital, Heywood Medical Group, Athol NMTC, and Quabbin, the "Reorganized Debtors"), respectfully represent as follows in support of this omnibus objection (the "Objection"):

**BACKGROUND**

1. On October 1, 2023, each of the Reorganized Debtors filed a Voluntary Petition of Chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned cases (the "Chapter 11 Cases").

2. On January 11, 2024, the Bankruptcy Court entered an order granting the relief set forth in the Bar Date Motion [Docket No. 444] (the "Bar Date Order"), which, among other things,

[1] The Reorganized Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Reorganized Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

sets forth (i) the procedures for filing a proof of claim in these chapter 11 cases, and (ii) which parties are required to file proofs of claim.

3. Under the Bar Date Order, the Court set (i) March 12, 2024, as the deadline for each person or entity, not including governmental units as defined in section 101(27) of the Bankruptcy Code, to file a proof of claim in the Debtors' chapter 11 cases (the "General Bar Date"), and (ii) March 29, 2024, as the deadline for all governmental units to file a proof of claim in the Debtors' chapter 11 cases (the "Governmental Bar Date," together with the General Bar Date, the "Bar Date").

4. Furthermore, the Bar Date Order provides that unless a claim is either (a) listed in the Schedules and Liabilities by the Debtors pursuant to Fed. R. Bankr. P. 1007 and not listed as unliquidated, disputed, or contingent liability or (b) evidenced by a Proof of Claim filed on or before the Bar Date, then such claim shall be forever barred from being asserted against the Debtors. Bar Date Order, ¶ 8.

5. On September 30, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1063] (the "Confirmation Order"), confirming the *Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1040] (as further amended, supplemented, or modified, the "Plan").

6. On October 7, 2024, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Final Deadlines for Filing Certain Claims* [Docket No. 1069] providing notice that *inter alia,* the Effective Date of the Plan occurred on October 1, 2024 (the "Effective Date").

7. The Reorganized Debtors are responsible for carrying out and implementing provisions of the Plan, including reconciling, objecting to, or settling Claims filed and otherwise asserted against the Debtors. *See* Plan § VIII. B. As more fully set out therein, section VIII. vests the Reorganized Debtors with "the sole authority to (1) File, withdraw, or litigate to judgment, objections to Claims[.]" *Id.*

8. On November 26, 2024, the Court entered the *Order Approving Claims Procedures* [Docket No. 1128], establishing certain claims objection procedures and claims hearing procedures.

**RELIEF REQUESTED**

9. The Reorganized Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing the claims asserted in the proofs of claim listed on **Exhibit A** attached hereto.

10. The Reorganized Debtors have examined each claim subject to this objection, all documentation provided with respect to each such claim, and the Reorganized Debtors' respective books and records, and have determined in each case that the claims should be disallowed in accordance with and for the reasons set forth in this Motion and on the exhibits attached hereto.

11. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "Proposed Order").

12. The Reorganized Debtors respectfully request that the Court schedule a hearing on the Objection, after which, the Reorganized Debtors shall promptly serve the Notice of Hearing, attached hereto as **Exhibit C**, in accordance with the *Order Approving Claims Procedures*.

## BASIS FOR RELIEF REQUESTED

### A. The Claims Subject to this Objection Should be Disallowed or Reclassified

13. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

14. Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b). Further, Bankruptcy Rule 3007(d)(1) permits a debtor to file objections to more than one claim on the basis that, among other things, such claims "duplicate other claims." Fed. R. Bankr. P. 3007(d)(1).

15. While a properly filed claim is *prima facie* evidence of the claim's allowed amount when an objecting party rebuts a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of the evidence. *See, e.g., In re QR Properties, LLC,* 485 B.R. 20, 24 (Bankr. D. Mass. 2013) ("If the objecting party successfully rebuts the *prima facie* validity of the claim, the burden then shifts back to the claimant to demonstrate that the claim is valid."); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("The burden of persuasion is always on the claimant."); *Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC),* 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *see also* 11 U.S.C. § 501; Fed. R. Bankr. P. 3001(f).

16. Proofs of claim are routinely disallowed or reclassified when unsupported or as otherwise appropriate. *See, e.g., In re RDA Holding Co.,* Case No. 13-22233 (RDD) (Bankr. S.D.N.Y. Sep. 18, 2013) (Docket Nos. 699 & 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc.,* Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2016) (Docket No. 3132) (same); *In re Tops Holding II Corp.,* Case No. 18-

22279 (RDD) (Bankr. S.D.N.Y. Apr. 26, 2019) (Docket No. 911) (same). A proof of claim that lacks supporting documentation required by Bankruptcy Rule 3001 does not receive the presumption of *prima facie* validity; "[r]ather the claimant maintains the burden of proving its claim by a preponderance of the evidence." *In re New Century TRS Holdings, Inc.*, 495 B.R. 625, 633, (Bankr. D. Del. 2013) (citing *In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008)); *In re Rehman*, 479 B.R. 238, 242 (Bankr. D. Mass. 2012).

17. Indeed, courts routinely disallow and expunge claims for which no supporting documentation has been submitted by the claimant. *See, e.g., In re Prodigy Investment Holdings, Inc.,* Case No. 23-11120 (BLS) (Bankr. D. Del. Dec. 4, 2024) (Docket No. 1481) (disallowing and expunging claims without sufficient documentation); *In re Breitburn Energy Partners LP,* Case No. 16-11390 (SMB) (Bankr. S.D.N.Y. Apr. 11, 2017) (Docket No. 1164) (same); *In re Chassix Holdings, Inc.,* Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. Apr. 21, 2016) (Docket No. 478) (same).

18. The Reorganized Debtors object to the claims asserted in the filed proof of claims listed in **Exhibit A** as either being (i) duplicative of another asserted claim; (ii) filed after the General Bar Date; (iii) filed in an undetermined amount, or assert only unliquidated, and/or contingent claims, failing to adhere to the requirements under the Bankruptcy Code to sufficiently specify the amount sought; (iv) on account of a cure amount that has been paid pursuant to the Plan; and (v) unsupported with documentation or information thereby failing to establish prima facie evidence of the validity of such claims and are not supported by the Debtors' books and records. Therefore, any claims asserted listed on **Exhibit A** should be disallowed and expunged.

WHEREFORE, the Reorganized Debtors respectfully request this Court enter the Proposed Order substantially in the form attached hereto as **Exhibit B**, sustaining the Objection and granting such other relief as the Court deems just and proper.

Dated: February 19, 2025

*/s/ Edward J. Green*

Edward J. Green (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com

Jake W. Gordon (*Pro Hac Vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100
Fax: (313) 234-2800
jake.gordon@foley.com

Alissa M. Nann (*Pro Hac Vice* Admitted)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
anann@foley.com

John M. Flick (#652169)
**FLICK LAW GROUP, P.C.**
144 Central Street, Unit 201
Gardner, MA 01440
Tel: (978) 632-7948
jflick@flicklawgroup.com

*Counsel to the Reorganized Debtors*
*and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I, Edward J. Green, do hereby certify that on February 19, 2025, I caused a copy of the foregoing document to be served through the ECF system, and that copies will be sent electronically to registered participants. The Reorganized Debtors' claims and noticing agent, Stretto, Inc., will further serve this document in accordance with the Federal Rules of Bankruptcy Procedure, the Massachusetts Local Rules of Bankruptcy Procedure, and any applicable orders of the Court, and will file an additional certificate of service upon completion.

Dated: February 19, 2025 *_/s/ Edward J. Green_*