**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.,*[1] | ) | Case No. 23-40817 |
| | ) | |
| Debtors-in-Possession. | ) | Honorable Elizabeth D. Katz |
| | ) | |
| | ) | (Jointly Administered) |

**FIFTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (TO DISALLOW CLAIMS)**

Narendra Ganti (the "Liquidating Trustee"), not individually, but as trustee of the Liquidating Trust (the "Liquidating Trust") of Heywood Healthcare, Inc., *et al*. (the "Reorganized Debtors"), by and through its undersigned counsel, respectfully represents as follows in support of this third omnibus objection (the "Objection"):

**BACKGROUND**

1. On October 1, 2023, each of the Reorganized Debtors filed a Voluntary Petition of Chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned cases (the "Chapter 11 Cases").

2. On September 26, 2024, the Reorganized Debtors filed the *Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1040] (as further amended, supplemented, or modified, the "Plan").

[1] The Reorganized Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

3. In relevant part, the Plan provided for the establishment of the Liquidating Trust, pursuant to a liquidating trust agreement, for the primary purposes of liquidating estate assets and making distributions pursuant to the Plan. Plan, Article V.

4. On September 27, 2024, the Reorganized Debtors filed the *First Amended Plan Supplement for the Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1051] (the "Plan Supplement").

5. In relevant part, the Plan Supplement included a form of liquidating trust agreement [Docket No. 1051-2] (the "Liquidating Trust Agreement") to be executed as necessary to form the Liquidating Trust, pursuant to the Plan.

6. Pursuant to the Liquidating Trust Agreement:

> The Liquidating Trustee shall be authorized to collect such tax information from each of the Liquidating Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as the Liquidating Trustee in his sole discretion deems necessary to comply with applicable tax law or to effectuate the Plan, the Confirmation Order and this Agreement, **including but not limited to IRS Form W-9**, and the Liquidating Trust Beneficiary's provision to the Liquidating Trustee of such requested tax information shall be a condition to such entity's receipt of a Beneficial Interest. **The failure of any Liquidating Trust Beneficiary to provide the requested tax information to the Liquidating Trustee within 90-days of the Liquidating Trustee's request shall extinguish such entity's right to such Beneficial Interest and its otherwise Allowed Class 7 Claim shall be deemed Disallowed in its entirety**.

Liquidating Trust Agreement, Section 1.3(c) (emphasis added).

7. On September 30, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1063] (the "Confirmation Order"), confirming the Plan, including the Liquidating Trust Agreement included therein.

8. Likewise, on that same day, the Liquidating Trust Agreement was executed and the Liquidating Trustee was appointed.

9. On October 7, 2024, the Reorganized Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Final Deadlines for Filing Certain Claims* [Docket No. 1069] providing notice that *inter alia,* the Effective Date of the Plan occurred on October 1, 2024 (the "Effective Date").

10. On November 25, 2024, the Liquidating Trustee sent a letter (the "First W-9 Request") to certain creditors (the "Unresponsive Creditors"), requesting that they each provide their respective Form W-9's, as necessary for the Liquidating Trustee to liquidate assets and make distributions, pursuant to the confirmed Plan. A true and correct copy of the First W-9 Request is attached hereto as **Exhibit A**.

11. On January 7, 2025, the Liquidating Trustee sent another letter (the "Second W-9 Request") to the Unresponsive Creditors, once again requesting that they each provide their respective Form W-9's. A true and correct copy of the Second W-9 Request is attached hereto as **Exhibit B**.

12. On January 31, 2025, the Liquidating Trustee sent yet another letter (the "Third W-9 Request", and together with the First W-9 Request and the Second W-9 Request, the "W-9 Request") to the Unresponsive Creditors, again requesting that they each provide their respective Form W-9's. A true and correct copy of the Third W-9 Request is attached hereto as **Exhibit C**. In relevant part, the Third W-9 Request also informed the Unresponsive Creditors that they each had until February 24, 2025 to submit their Form W-9's or their claims would be extinguished pursuant to section 1.3 of the Liquidating Trust Agreement.

13. None of the Unresponsive Creditors responded to the foregoing requests or otherwise provided the requested Form W-9's.

## RELIEF REQUESTED

14. The Liquidating Trustee files this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing the Unresponsive Creditors' claims asserted in the proofs of claim listed on **Exhibit D** attached hereto.

15. The Liquidating Trustee has examined each claim subject to this Objection has determined in each case that the claims should be disallowed in accordance with the terms of the Liquidating Trust Agreement and for the reasons set forth in this Motion and on the exhibits attached hereto.

16. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit E** (the "Proposed Order").

## BASIS FOR RELIEF REQUESTED

17. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

18. Moreover, courts regularly allow trusts established to administer claims under chapter 11 plans to set deadlines for claimants to return materials needed to support their respective claims, and once established, courts do not hesitate to enforce such deadlines. *E.g.*, *In re A.H. Robins Co., Inc.*, 175 B.R. 204, 211 (Bankr. E.D. Va. 1994) ("Nothing in the language of this section indicates that the Trust may not, in a valid exercise of discretion under the Claimants Trust Agreement or other Trust instrument, impose a deadline and disallow any stalled claims remaining upon the passing of the deadline… Any contrary ruling could open the door to perpetual claims, a clearly unacceptable result given the Trust's larger goal of expediently satisfying all claims and

winding down the Trust. In short, the interests of the group of claimants as a whole necessitates the setting of deadlines to dislodge claims stalled in the claims resolution process."); *see also In re Chateaugay Corp.*, No. 89 Civ. 5994 (CSH), 1991 WL 60527, at *3 (S.D.N.Y. Apr. 8, 1991) (disallowing claims where "[e]ach of the Maritime Asbestos Claimants were further informed that pursuant to the June 17 Order a failure to provide the requested information could result in the disallowance of their respective Maritime Asbestos Claims.").

19. Indeed, "[t]he Trust must, at some point, require claimants to meet certain deadlines in order to further the timely and efficient resolution of claims." *In re A.H. Robins Co., Inc.*, 197 B.R. 505, 508 (E.D. Va. 1995). *A.H. Robins* is instructive in this regard.

20. In that case, the plan established a trust to administer intrauterine device (IUD) claims against debtor. *Id*. at 505. "In February, 1994, the Trust announced a final deadline of August 1, 1994, for claimants to submit all necessary claim materials to the Trust." *Id*. at 506. "Pursuant to the Trust's policy set in February, 1994, of disallowing all claimants who failed to correct the deficiencies in their claim materials before the announced August 1, 1994 deadline, the Trust sent a total of four letters to each claimant warning each of the deadline and its ramifications." *Id*. at 506-07. However, one claimant's attorney failed to ever provide his client with the foregoing letters. *Id*. at 507. Notwithstanding the claimant's lack of actual notice, the court still disallowed his claim for failing to meet the trustee's deadline:

> The Trust followed standard procedures in mailing all letters in care of Hamilton's attorney, pursuant to Hamilton's unrescinded instructions. Under Trust policy, all communications will be directed to the address given by the claimant until contrary instructions are received. The Trust, in the absence of other instructions to the effect that King had been discharged by Mr. Hamilton, had no other option than to follow Trust policy and continue sending letters to Hamilton's attorney of record… "the failure of actual notice under due process is not determinative of the sufficiency of notice under due process, particularly where ... the failure of actual notice is due to the fault of the movant. The Trust provided notice as instructed by the movant. It is not required to do more."

*Id*. at 508 (quoting *In re A.H. Robins Co., Inc.*, 197 B.R. 491, 492 (E.D. Va. 1994)).

21. Given that the claimant's claim was disallowed for failure to comply with the trust's deadline in *A.H. Robins* – where the claimant did not even receive the deadline notices – the Unresponsive Creditors' claims surely must be disallowed in the instant case as well.

22. Here, the Liquidating Trustee sent three separate W-9 Requests to claimants advising that claimants would need to complete and return the W-9 form in order to maintain their claim, and advising that failure to return such form by the February 24, 2025 deadline would result in a disallowance of their claim. The Liquidating Trustee has therefore taken all reasonable steps to inform claimants of their obligation, and the consequence that will follow for failure to comply with such obligation. The W-9 Requests also provided contact information for the Liquidating Trustee and the Distribution Agent for any questions claimant may have relating to the request.

23. Accordingly, the Liquidating Trustee objects to the proof of claims listed in **Exhibit D** and requests that such claims be disallowed, expunged and forever barred from receiving a distribution under the plan in accordance with the Liquidating Trust Agreement, as incorporated into the Confirmation Order, due to the Unresponsive Creditors' failure to provide their respective Form W-9's.

[*remainder of page intentionally left blank*]

WHEREFORE, the Liquidating Trustee respectfully requests this Court enter the Proposed Order substantially in the form attached hereto as **Exhibit E**, sustaining the Objection and granting such other relief as the Court deems just and proper.

Dated: March 10, 2025

*/s/ Lauren M. Macksoud*
Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
Ste. 25th Floor
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

and

Andrew C. Helman (BBO# 679155)
Kyle D. Smith (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com
Phone: (207) 553-8368
Email: kyle.d.smith@dentons.com

*Counsel to the Liquidating Trustee*

## CERTIFICATE OF SERVICE

I, Lauren M. Macksoud, do hereby certify that on March 10, 2025, I caused a copy of the foregoing document to be served through the ECF system, and that copies will be sent electronically to registered participants. The Reorganized Debtors' claims and noticing agent, Stretto, Inc., will further serve this document in accordance with the Federal Rules of Bankruptcy Procedure, the Massachusetts Local Rules of Bankruptcy Procedure, and any applicable orders of the Court, and will file an additional certificate of service upon completion.

Dated: March 10, 2025

*/s/ Lauren M. Macksoud*