**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.,*[1] | ) | Case No. 23-40817 |
| | ) | |
| Debtors-in-Possession. | ) | Honorable Elizabeth D. Katz |
| | ) | |
| | ) | (Jointly Administered) |

**NINTH OMNIBUS OBJECTION
TO PROOFS OF CLAIM (TO DISALLOW CLAIM)**

Narendra Ganti (the "Liquidating Trustee"), not individually, but as trustee of the Liquidating Trust (the "Liquidating Trust") of Heywood Healthcare, Inc., *et al*. (the "Reorganized Debtors"), by and through his undersigned counsel, respectfully represents as follows in support of this ninth omnibus objection (the "Objection"):

**BACKGROUND**

1. On October 1, 2023, each of the Debtors filed a Voluntary Petition of Chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned cases (the "Chapter 11 Cases").

2. On September 26, 2024, the Debtors filed the *Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1040] (as further amended, supplemented, or modified, the "Plan").

3. In relevant part, the Plan provides for the establishment of the Liquidating Trust, pursuant to a liquidating trust agreement, for the primary purposes of liquidating estate assets and making distributions pursuant to the Plan. Plan, Article V. The Plan also provides that the

---

[1] The Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

Reorganized Debtors shall object to inaccurate, incorrect, and/or overstated claims from the Pavilion Parties (as that term is defined in the Plan). This Objection is being filed with the jointly and with the consent of the Reorganized Debtors as to the objections to claims from the Pavilion Parties.

4. On September 27, 2024, the Reorganized Debtors filed the *First Amended Plan Supplement for the Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1051] (the "Plan Supplement").

5. In relevant part, the Plan Supplement included a form of liquidating trust agreement [Docket No. 1051-1] (the "Liquidating Trust Agreement") to be executed as necessary to form the Liquidating Trust, pursuant to the Plan.

6. On September 30, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1063] (the "Confirmation Order"), confirming the Plan, including the Liquidating Trust Agreement included therein.

7. Likewise, on that same day, the Liquidating Trust Agreement was executed and the Liquidating Trustee was appointed.

8. On October 7, 2024, the Reorganized Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Final Deadlines for Filing Certain Claims* [Docket No. 1069] providing notice that inter alia, the Effective Date of the Plan occurred on October 1, 2024 (the "Effective Date").

9. On various occasions following the Effective Date, counsel to the Liquidating Trustee and counsel to the Reorganized Debtors have met to discuss the remaining claims on the claims register, including those at issue here.

**RELIEF REQUESTED**

10. The Liquidating Trustee files this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing the claims included on the attached **Exhibit A**.

11. The Liquidating Trustee has examined each claim subject to this Objection and has determined in each case that the claims should be disallowed the reasons set forth in this Objection.

12. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit B** (the "Proposed Order").

**BASIS FOR RELIEF REQUESTED**

13. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

14. Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. . . ." 11 U.S.C. § 502(b)(1). Further, Bankruptcy Rule 3007(d) permits a debtor to file objections to more than one claim. Fed. R. Bankr. P. 3007(d).

15. While a properly filed claim is *prima facie* evidence of the claim's allowed amount when an objecting party rebuts a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of the evidence. *See, e.g., In re QR Properties, LLC*, 485 B.R. 20, 24 (Bankr. D. Mass. 2013) ("If the objecting party successfully rebuts the prima facie validity of the claim, the burden then shifts back to the claimant to demonstrate that the claim

is valid."); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("The burden of persuasion is always on the claimant."); R*ozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); see also 11 U.S.C. § 501; Fed. R. Bankr. P. 3001(f).

16. Proofs of claim are routinely disallowed when unsupported or as otherwise appropriate. *See, e.g., In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Bankr. S.D.N.Y. Sep. 18, 2013) (Docket Nos. 699 & 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2016) (Docket No. 3132) (same); *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Apr. 26, 2019) (Docket No. 911) (same). A proof of claim that lacks supporting documentation required by Bankruptcy Rule 3001 does not receive the presumption of *prima facie* validity; "[r]ather the claimant maintains the burden of proving its claim by a preponderance of the evidence." *In re New Century TRS Holdings, Inc.*, 495 B.R. 625, 633, (Bankr. D. Del. 2013) (citing *In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008)); *In re Rehman*, 479 B.R. 238, 242 (Bankr. D. Mass. 2012).

17. Indeed, courts routinely disallow and expunge claims for which no supporting documentation has been submitted by the claimant. *See, e.g., In re Prodigy Investment Holdings, Inc.*, Case No. 23-11120 (BLS) (Bankr. D. Del. Dec. 4, 2024) (Docket No. 1481) (disallowing and expunging claims without sufficient documentation); *In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Bankr. S.D.N.Y. Apr. 11, 2017) (Docket No. 1164) (same); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. Apr. 21, 2016) (Docket No. 478) (same).

18. The Liquidating Trustee objects to the claims asserted in the filed proof of claims listed on **Exhibit A** as either being (i) duplicative of another asserted claim; (ii) filed after the General Bar Date; (iii) filed in an undetermined amount or failing to adhere to the requirements under the Bankruptcy Code to sufficiently specify the amount claimed; (iv) unsupported with documentation or information thereby failing to establish prima facie evidence of the validity of such claims and are not supported by the Debtors' books and records, (v) a claim of a Pavilion Party which is unsupported with documentation or information, thereby failing to establish prima facie evidence of the validity of such claims and which are not supported by the Debtors' books and records, or (vi) satisfied by an earlier distribution. Therefore, any claims asserted listed on **Exhibit A** should be disallowed and expunged.

**CONCLUSION**

20. The Liquidating Trustee objects to the claims asserted in the proofs of claim listed in **Exhibit A** for the reasons set forth therein.

[*remainder of page intentionally left blank*]

WHEREFORE, the Liquidating Trustee respectfully requests this Court enter the Proposed Order substantially in the form attached hereto as **Exhibit B**, sustaining the Objection and granting such other relief as the Court deems just and proper.

Dated: June 27, 2025

*_/s/ Lauren M. Macksoud_*

Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
Ste. 25th Floor
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

and

Andrew C. Helman (BBO# 679155)
Kyle D. Smith (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com
Phone: (207) 553-8368
Email: kyle.d.smith@dentons.com

*Counsel to the Liquidating Trustee*

**CERTIFICATE OF SERVICE**

I, Lauren M. Macksoud, do hereby certify that on June 27, 2025, I caused a copy of the foregoing document to be served through the ECF system, and that copies will be sent electronically to registered participants. The Debtors' claims and noticing agent, Stretto, Inc., will further serve this document in accordance with the Federal Rules of Bankruptcy Procedure, the Massachusetts Local Rules of Bankruptcy Procedure, and any applicable orders of the Court, and will file an additional certificate of service upon completion.

Dated: June 27, 2025 *_/s/ Lauren M. Macksoud_*