**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., *et al.*,[1] | ) | Case No. 23-40817 |
| | ) | |
| Debtors-in-Possession. | ) | Honorable Elizabeth D. Katz |
| | ) | |
| | ) | (Jointly Administered) |

**TENTH OMNIBUS OBJECTION**
**TO PROOFS OF CLAIM (TO DISALLOW CLAIMS)**

Narendra Ganti (the "Liquidating Trustee"), not individually, but as trustee of the Liquidating Trust (the "Liquidating Trust") of Heywood Healthcare, Inc., *et al*. (the "Reorganized Debtors"), by and through his undersigned counsel, respectfully represents as follows in support of this tenth omnibus objection (the "Objection"):

## BACKGROUND

1. On October 1, 2023, each of the Debtors filed a Voluntary Petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

2. On January 11, 2024, the Bankruptcy Court entered an order granting the relief set forth in the Bar Date Motion [Docket No. 444] (the "Bar Date Order"), which, among other things, sets forth (i) the procedures for filing a proof of claim in these chapter 11 cases, and (ii) which parties are required to file proofs of claim.

[1] The Reorganized Debtors in these Chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal identification number are: Heywood Healthcare, Inc. (0658); The Henry Heywood Memorial Hospital (3581); Athol Memorial Hospital (6583), Heywood Medical Group, Inc. (3589), Athol Memorial Hospital NMTC Holdings, Inc. (2189), Quabbin Healthcare, Inc. (7153) and Heywood Realty Corporation (7447).

3. Under the Bar Date Order, the Court set (i) March 12, 2024, as the deadline for each person or entity, not including governmental units as defined in section 101(27) of the Bankruptcy Code, to file a proof of claim in the Debtors' chapter 11 cases (the "General Bar Date"), and (ii) March 29, 2024, as the deadline for all governmental units to file a proof of claim in the Debtors' chapter 11 cases (the "Governmental Bar Date," together with the General Bar Date, the "Bar Date").

4. Importantly, the Bar Date Order provides that unless a claim is either (a) listed in the Schedules of Assets and Liabilities by the Debtors pursuant to Fed. R. Bankr. P. 1007 and not listed as unliquidated, disputed, or contingent liability or (b) evidenced by a Proof of Claim filed on or before the Bar Date, then such claim shall be forever barred from being asserted against the Debtors. Bar Date Order, ¶ 8.

5. On September 26, 2024, the Debtors filed the *Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1040] (as further amended, supplemented, or modified, the "Plan").

6. In relevant part, the Plan provides for the establishment of the Liquidating Trust, pursuant to a liquidating trust agreement, for the primary purposes of liquidating estate assets and making distributions pursuant to the Plan. Plan, Article V.

7. On September 27, 2024, the Reorganized Debtors filed the *First Amended Plan Supplement for the Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1051] (the "Plan Supplement").

8. In relevant part, the Plan Supplement included a form of liquidating trust agreement [Docket No. 1051-1] (the "Liquidating Trust Agreement") to be executed as necessary to form the Liquidating Trust, pursuant to the Plan.

9. On September 30, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Second Amended Plan of Reorganization of Heywood Healthcare, Inc., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1063] (the "Confirmation Order"), confirming the Plan, including the Liquidating Trust Agreement contained therein.

10. Likewise, on that same day, the Liquidating Trust Agreement was executed and the Liquidating Trustee was appointed.

11. On October 7, 2024, the Reorganized Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Final Deadlines for Filing Certain Claims* [Docket No. 1069] providing notice that inter alia, the Effective Date of the Plan occurred on October 1, 2024 (the "Effective Date").

12. On various occasions following the Effective Date, counsel to the Liquidating Trustee and counsel to the Reorganized Debtors have met to discuss the remaining claims on the claims register, including those at issue here.

**RELIEF REQUESTED**

13. The Liquidating Trustee files this Objection pursuant to the Bar Date Order and Bankruptcy Rule 3007, seeking entry of an order disallowing the claims included on the attached **Exhibit A**.

14. The Liquidating Trustee has examined each claim subject to this Objection and has determined in each case that the claims should be disallowed in accordance with the terms of the Bar Date Order, the Liquidating Trust Agreement, and for the reasons set forth in this Objection.

15. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit B** (the "Proposed Order").

## BASIS FOR RELIEF REQUESTED

16. The Bar Date Order expressly provides that unless a claim is either (a) listed in the Schedules of Assets and Liabilities by the Debtors pursuant to Fed. R. Bankr. P. 1007 and not listed as unliquidated, disputed, or contingent liability or (b) evidenced by a Proof of Claim filed on or before the Bar Date, then such claim shall be forever barred from being asserted against the Debtors. Bar Date Order, ¶ 8.

17. Bankruptcy Rule 3007(d) permits a debtor to file objections to more than one claim on the basis that, among other things, such claims "have been satisfied or released during the case in accordance with . . . a court order." Fed. R. Bankr. P. 3007(d)(2)(E).

18. Claims are routinely disallowed when unsupported or as otherwise appropriate. *See, e.g., In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Bankr. S.D.N.Y. Sep. 18, 2013) (Docket Nos. 699 & 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2016) (Docket No. 3132) (same); *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Apr. 26, 2019) (Docket No. 911) (same). A claim that lacks supporting documentation required by Bankruptcy Rule 3001 does not receive the presumption of *prima facie* validity; "[r]ather the claimant maintains the burden of proving its claim by a preponderance of the evidence." *In re New Century TRS Holdings, Inc.*, 495 B.R. 625, 633, (Bankr. D. Del. 2013) (citing *In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008)); *In re Rehman*, 479 B.R. 238, 242 (Bankr. D. Mass. 2012).

19. The Court should disallow the claims listed on Exhibit A because they were scheduled by the Debtors as contingent, unliquidated, or disputed and because none of the claimants filed a subsequent proof of claim. As a result, per the terms of the Bar Date Order, the claims listed on Exhibit Aare forever barred from being asserted against the Debtors.

## **CONCLUSION**

The Liquidating Trustee objects to the claims listed on **Exhibit A** as being (i) scheduled by the Reorganized Debtors as contingent, unliquidated, or disputed; and (ii) not evidenced by a Proof of Claim filed on or before the Bar Date. Therefore, any scheduled claims listed on **Exhibit A** should be disallowed and expunged pursuant to the Bar Date Order.

[*remainder of page intentionally left blank*]

WHEREFORE, the Liquidating Trustee respectfully requests this Court enter the Proposed Order substantially in the form attached hereto as **Exhibit B**, sustaining the Objection and granting such other relief as the Court deems just and proper.

Dated: June 27, 2025

*/s/ Lauren M. Macksoud*

Lauren M. Macksoud (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
Ste. 25th Floor
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com

and

Andrew C. Helman (BBO# 679155)
Kyle D. Smith (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com
Phone: (207) 553-8368
Email: kyle.d.smith@dentons.com

*Counsel to the Liquidating Trustee*

**CERTIFICATE OF SERVICE**

I, Lauren M. Macksoud, do hereby certify that on June 27, 2025, I caused a copy of the foregoing document to be served through the ECF system, and that copies will be sent electronically to registered participants. The Reorganized Debtors' claims and noticing agent, Stretto, Inc., will further serve this document in accordance with the Federal Rules of Bankruptcy Procedure, the Massachusetts Local Rules of Bankruptcy Procedure, and any applicable orders of the Court, and will file an additional certificate of service upon completion.

Dated: June 27, 2025

*__/s/ Lauren M. Macksoud__*