**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., | ) | Case No. 23-40817 (EDK) |
| | ) | |
| Reorganized Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE HENRY HEYWOOD MEMORIAL HOSPITAL, | ) | Case No. 23-40818 (EDK) |
| | ) | |
| Reorganized Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ATHOL MEMORIAL HOSPITAL, | ) | Case No. 23-40819 (EDK) |
| | ) | |
| Reorganized Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD MEDICAL GROUP, INC., | ) | Case No. 23-40820 (EDK) |
| | ) | |
| Reorganized Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ATHOL MEMORIAL HOSPITAL NMTC HOLDINGS, INC., | ) | Case No. 23-40821 (EDK) |
| | ) | |
| Reorganized Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| QUABBIN HEALTHCARE, INC., | ) | Case No. 23-40822 (EDK) |
| | ) | |
| Reorganized Debtor. | ) | |

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HEYWOOD REALTY CORPORATION, | ) Case No. 23-40823 (EDK) |
| | ) |
| Reorganized Debtor. | ) |
| | ) |

## ORDER DESIGNATING ATHOL MEMORIAL
## HOSPITAL NMTC HOLDINGS, INC. AS LEAD CHAPTER 11 CASE

Upon consideration of the *Motion for Entry of an Order (I) Designating Athol Memorial Hospital NMTC Holdings, Inc. as Lead Chapter 11 Case and (II) Granting Related Relief* (the "Motion")[1] filed by the Reorganized Debtors, for entry of an order, (i) designating Athol Memorial Hospital NMTC Holdings, Inc. as the new lead Chapter 11 Case, (ii) consolidating all Remaining Matters (as defined herein) to be resolved therein, and (iii) granting related relief, all as more fully described in the Motion; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that adequate and proper notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Reorganized Debtors, their estates, their creditors and all other parties in interest, and that the legal and factual bases set forth in the Motion justify the relief granted herein; and after due deliberation and sufficient cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2.  Upon entry of the final decrees in Heywood Healthcare, Inc. (Case No. 23-40817); The Henry Heywood Memorial Hospital (Case No. 23-40818); Athol Memorial Hospital (Case No. 23-40819); Heywood Medical Group, Inc. (Case No. 23-40820); Quabbin Healthcare, Inc. (Case No. 23-40822); and Heywood Realty Corporation (Case No. 23-40823) (collectively, the "Affiliate Cases"), the Chapter 11 Case of Athol Memorial Hospital NMTC Holdings, Inc. (Case No. 23-40821) shall be the designated as the lead Chapter 11 Case (the "Remaining Case") as of October 1, 2025.

3.  The Remaining Case shall remain open pending further order of this Court. Starting from the date of entry of this Final Decree, all motions, notices, administrative claims, claims, and other pleadings related to any of the Debtors or the Reorganized Debtors in the Affiliate Cases shall be filed in the Remaining Case and with the Reorganized Debtor in the Remaining Case and such motions, notices, administrative claims, and other claims shall be deemed asserted against the applicable Reorganized Debtors in the Affiliate Cases. However, this does not limit the rights of the Reorganized Debtors or any other interested party to dispute or seek disallowance of any claims, except where such claims are deemed to have been filed in the Affiliate Case.

4.  All administrative claims incurred in the Affiliate Cases and related to the Debtors shall be filed and allowed or disallowed, as the case may be, in the Remaining Case and such claims shall be deemed filed and allowed or disallowed against the applicable Debtor; provided that the foregoing shall not limit or be deemed to limit the Reorganized Debtors' or any other party in interest's rights to dispute or otherwise seek the disallowance of any such claims other than on account of such claim being deemed to have been filed in the Affiliate Case.

5.  All contested matters of any kind and all matters concerning the Affiliate Cases (including, without limitation, the Claims Reconciliation Process, the LT Claim Objections (as

3

defined in the Plan), stipulations related to the Pavilion Ground Lease, and *the FCA Litigation*) held by any party against any of the Reorganized Debtors shall still be heard and adjudicated in *Athol Memorial Hospital NMTC Holdings, Inc.*, Case No. 23-40821 and the Bankruptcy Court retains jurisdiction over all such matters.

6. Orders issued by the Bankruptcy Court in the Remaining Case shall be binding on, and effective for, the Reorganized Debtors, where applicable.

7. An entry shall be made on the docket of each of the Reorganized Debtors' cases, other than that of Athol Memorial Hospital NMTC Holdings, Inc. (Case No. 23-40821), that is substantially similar to the following:

> An order has been entered in accordance with Rule 3022-1 of the Massachusetts Local Rules of Bankruptcy Procedure closing the chapter cases of: Heywood Healthcare, Inc. (Case No. 23-40817), The Henry Heywood Memorial Hospital (Case No. 23-40818); Athol Memorial Hospital (Case No. 23-40819); Heywood Medical Group, Inc. (Case No. 23-40820); Quabbin Healthcare, Inc. (Case No. 40822); and Heywood Realty Corporation (Case No. 23-40823). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in Athol Memorial Hospital NMTC Holdings, Inc., Case No. 23-40821.

8. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order and final decree in accordance with the Motion.

9. Entry of this order (a) is without prejudice to the rights of the Reorganized Debtors or any other party with requisite standing to (i) commence, prosecute and/or resolve any claim or Cause of Action, or (ii) object to claims filed against any Debtor or Reorganized Debtor; (b) is without prejudice to the rights of the Reorganized Debtors or any party in interest to reopen the Affiliate Cases for cause; and (c) shall have no effect whatsoever on any contested or other matters pending before this Court.

4933-3388-5028.1

10. For the avoidance of doubt, this Court retains jurisdiction over all pending and future adversary proceedings (including *the FCA Litigation*) involving any Reorganized Debtor, and such adversary proceedings are otherwise unaffected by entry of this Final Decree.

11. From and after the date of entry of this Final Decree, any payments made pursuant to the Plan on account of claims arising prior to the Effective Date shall be reflected in the post-confirmation quarterly report of the Remaining Case regardless of which Debtor or Reorganized Debtor such claims are against.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

DATED:   September 8, 2025

*[signature]*

Elizabeth D. Katz
UNITED STATES BANKRUPTCY JUDGE

4933-3388-5028.1